IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

DAVID ECKERT

       Plaintiff,

                                          **No. 2:13-cv-00727-CG/WPL**

vs.

THE CITY OF DEMING.
DEMING POLICE OFFICERS BOBBY OROSCO, ROBERT CHAVEZ,
and OFFICER HERNANDEZ;
HIDALGO COUNTY; HIDALGO COUNTY SHERIFF OFFICERS
DAVID ARREDONDO, ROBERT RODRIGUEZ,
and PATRICK GREEN;
DEPUTY DISTRICT ATTORNEY DANIEL DOUGHERTY,
GILA REGIONAL MEDICAL CENTER,
ROBERT WILCOX, M.D.,
And OKAY H. ODOCHA, M.D.

       Defendants.

**DEFENDANT DEPUTY DISTRICT ATTORNEY DANIEL DOUGHERTY'S ANSWER
TO COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS
AND PERSONAL INJURY**

Defendant Deputy District Attorney Daniel Dougherty ("Deputy Dougherty" or "Defendant") answers the Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury (the "Complaint") as follows:

**PARTIES**

1.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore denies the same.

2.     Defendant admits the allegations contained in Paragraphs 2 through 9 of the Complaint.

3.      In response to the allegations contained in Paragraph 10 of the Complaint, Defendant

admits that he was a deputy district attorney for the Sixth Judicial District Attorney's

Office and that he was acting under color of state law and in the course and scope of

his employment as a deputy district attorney at all times material.

4.      In response to the allegations contained in Paragraph 11 of the Complaint, Plaintiff

admits that Gila Medical Center is a hospital in Silver City, New Mexico, which

acted, through its agents, at the request of law enforcement to aid law enforcement

and performed medical procedures that had no medical purpose.

5.      Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraphs 12 and 13 of the Complaint and

therefore denies the same.

## FACTUAL BACKGROUND

**September 6, 2012 Search**

6.      The allegations made in Paragraphs 14 through 31 are not directed toward this

Defendant.  To the extent the allegations can be construed to be against Deputy

Dougherty, Defendant denies the same.

**January 2, 2013 Traffic Stop**

7.      The allegations contained in Paragraphs 32 through 41 of the Complaint are not

directed toward this Defendant.  To the extent the allegations can be construed to

be against Deputy Dougherty, Defendant denies the same.

8.      In response to Paragraph 42 of the Complaint, Defendant admits that Plaintiff was

known in Hidalgo County to insert drugs into his anal cavity.  Defendant is without

knowledge or information sufficient to form a belief as to the truth of the allegation

in Paragraph 42 that Defendants Orosco and Arredondo told Defendant Chavez that

2

Plaintiff was known to insert drugs into his anal cavity, and therefore denies the same. Any remaining allegations of Paragraph 42 are denied.

9. The allegations contained in Paragraphs 43 through 47 of the Complaint are not directed toward this Defendant. To the extent the allegations can be construed to be against Deputy Dougherty, Defendant denies the same.

10. In response to Paragraph 48 of the Complaint, Defendant admits that Defendant Chavez contacted Defendant Dougherty who approved pursuit of a search warrant for search of Plaintiff's vehicle and person, including anal cavity. Defendant is without knowledge or information sufficient to form a belief as to the exact time that Defendant Chavez contacted him, and therefore denies the same.

11. In response to Paragraph 49 of the Complaint, Defendant denies that he approved a warrant for magistrate's signature on January 2, 2013. As for the allegations in Paragraph 49 as to the contents of the warrant, the document speaks for itself. Defendant is without knowledge regarding any remaining allegations of Paragraph 49, and therefore denies the same.

12. In response to Paragraph 50 of the Complaint as to the contents of the warrant, the document speaks for itself.

13. The allegations contained in Paragraph 51 of the Complaint contain legal conclusions that Defendant is not required to admit or deny. To the extent an answer is required, Defendant denies the allegations, if any, contained therein.

14. As to the allegations in Paragraph 52 of the Complaint, Defendant admits that Plaintiff was transported to the Deming Emergency Room. As to the remainder of the allegations contained in Paragraph 52, Defendant is without knowledge or information sufficient to form a belief, and therefore denies the same.

3

15.    As for the allegations in Paragraph 53 of the Complaint, Defendant is without

knowledge or information sufficient to form a belief, and therefore denies the same.

16.    In response to Paragraph 54 of the Complaint, Defendant Dougherty admits he was

contacted by Defendant Chavez about Dr. Ash's refusal to conduct an anal cavity

exam of Plaintiff.

17.    In response to Paragraph 55 of the Complaint, Defendant Dougherty admits he

authorized Defendant Chavez to take Plaintiff to a different emergency room.

18.    Defendant is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 56 of the Complaint and therefore

denies the same.

19.    As for the allegations in Paragraph 57 of the Complaint, Defendant admits that Gila

Medical Center is located in Grant County, and not in Luna County where the City

of Deming is located.  As for the allegation in Paragraph 57 regarding where the

warrant was issued, Defendant is without knowledge or information sufficient to

form a belief as to the truth of the allegation, and therefore denies the same.

20.    The allegations contained in Paragraph 58 of the Complaint contain legal

conclusions that Defendant is not required to admit or deny.  To the extent an answer

is required, Defendant denies the allegations, if any, contained therein.

**January 2, 2013 X-ray and Anal Cavity Search**

21.     The allegations contained in Paragraphs 59 through 69 are not directed toward this

Defendant.  To the extent the allegations can be construed to be against Deputy

Dougherty, Defendant denies the same.

**January 2, 2013 to January 3, 2013, Detention and Search**

22.     The allegations contained in Paragraph 70 through 112 are not directed toward this

Defendant.  To the extent the allegations can be construed to be against Deputy

Dougherty, Defendant denies the same.

**COUNTS I, II, III, V, VI, VII, VIII, IX, X, XII, XIII, XIV, XV, and XVI**

23.     The allegations contained in Counts I, II, III, V, VI, VII, VIII, IX, X, XII, XIII, XIV,

XV, and XVI, as contained in Paragraphs 113 through 136, Paragraphs 153 through

196, and Paragraphs 207 through 233, are not directed toward this Defendant.  To the

extent the allegations can be construed to be against Deputy Dougherty, Defendant

denies the same.

**COUNT IV**

24.     Defendant incorporates his responses above.

25.     Defendant denies the allegations contained in Paragraphs 137 through 152.

**COUNT XI**

26.     Defendant incorporates his responses above.

27.     In response to the allegations in Count XI, contained in Paragraphs 197 through 206,

to the extent an answer is required, Defendant denies the allegations, if any,

contained therein.  Defendant is not a municipality, nor is he a peace officer.

## REQUEST FOR RELIEF

28.     Defendant denies the allegations, if any, contained in the "REQUEST FOR RELIEF"

section of the Complaint.

29.     Any allegation in this Complaint that has not been specifically admitted herein by

this Defendant is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted against Deputy

Dougherty.

## SECOND AFFIRMATIVE DEFENSE

The actions of Deputy Dougherty did not violate the Constitution and are not actionable

under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by application of the doctrine of qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by application of the doctrine of absolute immunity.

## FIFTH AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against this

Defendant, which is denied, Defendants affirmatively state that his actions were objectively

reasonable under the circumstances and were done in good faith. Defendant is entitled to qualified

immunity.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against this Defendant, which is denied, Defendants affirmatively states that he did not commit a clearly established constitutional violation.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant breached no duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

If Defendant was negligent, which is specifically denied, Plaintiff was contributorily or comparatively negligent, which affects recovery.

## NINTH AFFIRMATIVE DEFENSE

Defendant exercised due care in the execution or enforcement of the law.

## TENTH AFFIRMATIVE DEFENSE

Defendant's actions were not willful, wanton, or in reckless disregard of Plaintiff's constitutional rights.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for any injury resulting from his acts or omissions, where the acts or omissions were the result of the exercise of the discretion vested in him as a deputy district attorney.

## TWELFTH AFFIRMATIVE DEFENSE

The warrant which Deputy Dougherty approved was based on probable cause, reasonable suspicion and exigent circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant, at all times material to the allegations in the Complaint, acted lawfully, in good faith, without malice, and within the scope of his lawful duties, and exercise of governmental functions.

## FOURTEENTH AFFIRMATIVE DEFENSE

The actions of Defendant, at all times material to the allegations made in the Complaint, were reasonable, proper, and legal.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant complied with the requirements of the Fourth Amendment to the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

The alleged conduct of the Defendant does not rise to the level of a constitutional violation.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant, at all times mentioned in the Complaint, was a duly qualified, appointed, and acting deputy district attorney of the Sixth Judicial District Attorney's Office, and at all times mentioned in the Complaint, was engaged in the performance of his regularly scheduled duties as a deputy district attorney.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any detriment or damages in any amount whatsoever.

## NINETEENTH AFFIRMATIVE DEFENSE

The proximate cause of Plaintiff's damages, if any, were acts of individuals not under the direction, control or supervision of Deputy Dougherty, and without knowledge on the part of Deputy Dougherty.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were due to an independent, intervening cause rather than due to any fault on the part of Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages, if such damages were, in fact, incurred.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent the Complaint states, on its face, any valid federal claim(s) against Defendant, which is denied, then Defendant affirmatively states that Plaintiff's claims do not provide a basis for a punitive damage award.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's injuries or losses, if any, were proximately caused by the negligence, intentional misconduct or other fault of Plaintiffs, and/or a third person for whom Defendant is not liable.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join an indispensable party, and therefore the requested relief should be denied.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses which may become available during discovery.

WHEREFORE, having fully answered, Deputy Dougherty requests an Order of this Court dismissing the Complaint against him in its entirety, assessing his costs to the Plaintiffs, and for such other and further relief as the Court deems just and proper in the premises.

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

By     */s/ Theresa E. Gheen*
        Patricia G. Williams
        Theresa E. Gheen
Attorneys for Russell Perea
1803 Rio Grande Blvd., N.W. (87104)
P. O. Box 1308
Albuquerque, New Mexico 87103-1308
(505) 764-8400

I HEREBY CERTIFY that on the 18th day of September, 2013,
I filed the foregoing electronically through the CM/ECF system,
which caused all parties or counsel of record to be served by electronic
means, as more fully reflected on the Notice of Electronic Filing:

WIGGINS, WILLIAMS & WIGGINS
A Professional Corporation

By     */s/ Theresa E. Gheen*
        Theresa E. Gheen

G:\PW\CLIENTS\2573-NM Risk Management\016-Eckert, David\Answer to Complaint - for filing.wpd