IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID ECKERT,

    Plaintiff,

v.                                                              Cause No. 13-CV-00727 CG-WPL

THE CITY OF DEMING,
DEMING POLICE OFFICERS BOBBY OROSCO,
ROBERT CHAVEZ, and OFFICER HERNANDEZ;
HIDALGO COUNTY; HILDAGO COUNTY SHERIFF
OFFICERS DAVID ARREDONDO, ROBERT
RODRIGUEZ, and PATRICK GREEN;
DEPUTY DISTRICT ATTORNEY DANIEL
DOUGHERTY, GILA REGIONAL MEDICAL
CENTER, ROBERT WILCOX M.D., and
OKAY H. ODACHA, M.D.

    Defendants.

### DEFENDANTS' ANSWER TO COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND PERSONAL INJURY

Defendants City of Deming, Bobby Orosco, Robert Chavez and Officer Hernandez (hereinafter collectively referred to as "City Defendants"), by and through their counsel, Tony F. Ortiz, Attorney at Law, LLC, submit the following Answer to Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury and answer as follows:

### JURISDICTION AND VENUE

City Defendants are without sufficient information to admit or deny whether the asserted bases for jurisdiction and venue are proper. Any remaining allegations are denied.

**PARTIES**

1. Paragraph 1:   City Defendants are without sufficient information to admit or deny.

2. Paragraph 2:   Admit.

3. Paragraph 3:   The City Defendants admit that Chavez is a law enforcement officer for the City of Deming.   City Defendants are without sufficient information sufficient information to admit or deny the remaining allegations because the phrase "at all times material" is not otherwise defined or specified.

4. Paragraph 4:   Denied that Defendant Hernandez is employed with the City of Deming.   Defendants are without sufficient information sufficient information to admit or deny the remaining allegations because the phrase "at all times material" is not otherwise defined or specified.

5. Paragraph 5:   Admitted that Defendant Orosco is a law enforcement officer with the City of Deming.   Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations because the phrase "at all times material" is not otherwise defined or specified.

6. Paragraph 6:   Admitted.

7. Paragraph 7-10:   Not sufficient information to admit or deny.

8. Paragraph 11:   Admitted that the hospital is located in Silver City.   Any remaining allegations are denied.

9. Paragraphs 12-13:   City Defendants are without sufficient information to admit or deny.

10. Paragraph 15-31:   City Defendants are without sufficient information to admit or deny.

11. Paragraph 32: Admitted that Plaintiff was stopped in the Deming Walmart parking lot for failure to yield at a stop sign. Any remaining allegations are denied.

12. Paragraph 33: Admitted.

13. Paragraph 34: Admitted that a pat down was conducted. Any remaining allegations are denied.

14. Paragraph 35-37: Admitted.

15. Paragraph 38: Denied.

16. Paragraph 39: City Defendants admit that Plaintiff gave consent to search his vehicle. Any remaining allegations are denied.

17. Paragraph 40: Admitted.

18. Paragraph 41: Not sufficient information to admit or deny.

19. Paragraph 42: Admit that the statement was reported. Not sufficient information to admit or deny the remaining allegations.

20. Paragraph 43: Not sufficient information to admit or deny.

21. Paragraph 44: Admit.

22. Paragraph 45: Denied.

23. Paragraph 46: Admit that the vehicle was seized. Not sufficient information to admit or deny the remaining allegations.

24. Paragraph 47-48: Admitted.

25. Paragraph 49: Admitted that Defendant Chavez wrote an affidavit. Defendant denies that the matter was prepared for a magistrate judge. Admit that the language of the warrant included the quoted language about a cavity search and the listed times. Admit that Defendant Chaves did not allege that Plaintiff inserted anything in his rectum, but deny any allegation that

there was insufficient information for the warrant.   Any remaining allegations are denied.

26. Paragraphs 50-51:   Denied.

27. Paragraph 52:   Admitted.

28. Paragraph 53:   Not sufficient information to admit or deny.

29. Paragraphs 54-56:   Admitted.

30. Paragraph 57:   Admit regarding the statements of location, but specifically deny any allegation that the warrant was improperly used in Grant County.

31. Paragraph 58:   Denied.

32. Paragraph 59:   Admitted.

33. Paragraph 60-65:   Not sufficient information to admit or deny.

34. Paragraph 66:   Defendants deny that that warrant was invalid.   Not sufficient information to admit or deny the remaining allegations.

35. Paragraph 67-70:   Not sufficient information to admit or deny.

36. Paragraph 71:   City Defendants deny that the warrant was invalid. Defendants deny any implication that the search was conducted outside of the parameters of the warrant.   Any remaining allegations are denied.

37. Paragraph 72:   City Defendants deny that the search was outside the parameters of the warrant.   Any remaining allegations are denied.

38. Paragraph 73:   Denied.

39. Paragraph 74-78:   Not sufficient information to admit or deny.

40. Paragraph 79:   Denied.

41. Paragraph 80:   Admitted.

42. Paragraph 81:   Not sufficient information to admit or deny.

43. Paragraph 82: Denied.

44. Paragraph 83: Admitted.

45. Paragraph 84: Admitted.

46. Paragraph 85: Not sufficient information to admit or deny.

47. Paragraph 86: Denied.

48. Paragraph 87: Admitted.

49. Paragraph 88: Not sufficient information to admit or deny.

50. Paragraph 89: Denied

51. Paragraph 90-98: Not sufficient information to admit or deny.

52. Paragraph 99-100: Denied.

53. Paragraph 101: City Defendants deny that Plaintiff made any objections to them. City Defendants are without sufficient information to admit or deny the allegations against the other defendants.

54. Paragraph 102: Admitted.

55. Paragraph 103: Admitted.

56. Paragraph 104-105: Denied.

57. Paragraph 106-108: Not sufficient information to admit or deny.

58. Paragraph 109-112: Denied.

59. Paragraph 113-126: Not sufficient information to admit or deny.

60. Paragraph 127-128: Denied.

61. Paragraph 129: City Defendants admit that there were stops at the listed destinations; the remaining allegations are denied.

62. Paragraph 130: Denied.

63. Paragraph 131: City Defendants admit that no arrest warrant was obtained but deny any implication that their particular role in the detention and search was improper.

64. Paragraph 132: Paragraph 64 asserts a legal conclusion and therefore does not require a response. To the degree that it involves a factual allegation, it is denied.

65. Paragraph 133-135: Denied.

66. Paragraph 136: City Defendants deny the allegations against them, but are without sufficient information to admit or deny allegations regarding the other defendants.

67. Paragraph 137-159. City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

68. Paragraph 160: City Defendants deny that they ever forced Plaintiff's anus to be physically penetrated. City Defendants deny any other allegations against them, but are without sufficient information to admit or deny the claims against the other defendants.

69. Paragraph 161-167: City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

70. Paragraph 168-179: City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

71. Paragraph 180-196: City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

72. Paragraph 197-206: City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

73. Paragraph 207-210: Defendants are without sufficient information to admit or deny.

74. Paragraph 211-223: Defendants are without sufficient information to admit or deny.

75. Paragraph 224-228: City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

76. Paragraph 229-233: City Defendants deny all allegations as may be alleged against the City Defendants. City Defendants are without sufficient information to admit or deny the allegations against the other defendants listed.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, or portions thereof, fails to state a claim for which relief may be granted against the City Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by statutory, absolute or qualified immunity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for punitive damages against the City Defendants.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against the City Defendants are barred by the New Mexico Tort Claims

Act and are not subject to any waiver of immunity.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot satisfy the requisite elements for a claim under 42 USC § 1983 against City Defendants.

### SIXTH AFFIRMATIVE DEFENSE

To the degree Plaintiff asserts any claims based on negligence, his claims are barred or reduced by comparative fault.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by estoppel, waiver, and unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

To the degree that Plaintiff is asserting injuries or damages, those injuries or damages were the result of intervening third causes and are not attributable to the City Defendants.

### NINTH AFFIRMATIVE DEFENSE

The City Defendants reserve the right to seek leave to assert additional defenses based upon investigation and discovery to be conducted in this case.

WHEREFORE, the City Defendants request that the Court deny each prayer for relief, enter judgment dismissing Plaintiff's Complaint, and each of its individual counts asserting claims against the City Defendants, with prejudice; and awarding such additional relief as the Court deems proper.

        Respectfully submitted,

        TONY F. ORTIZ, ATTORNEY AT LAW, LLC


        /s/ Tony F. Ortiz
        Tony F. Ortiz
        2011 Botulph Rd., Suite 200
        Santa Fe, New Mexico 87505
        (505) 986-2900
        *Attorneys for City Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 11th day of October, 2013, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

 Joseph P. Kennedy jpk@civilrightsnewmexico.com
 Shannon L. Kennedy kennedylaw@civilrightslawnewmexico.com
 Damian L. Martinez dlm@hbm-law.com
 Blaine T. Mynatt btm@hbm-law.com
 Patricia Williams pwilliams@wwwlaw.us
 Tamara R. Safarik tamara@mclaughertyandsilver.com
 Melissa Ann Brown mbrown@brownandgay.com
 Remo E. Gay, Jr. rgay@brownandgay.com


        /s/   Tony F. Ortiz
        Tony F. Ortiz