IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| DAVID ECKERT, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> THE CITY OF DEMING, § <br> DEMING POLICE OFFICERS § <br> BOBBY OROSCO, ROBERT CHAVEZ, § <br> and OFFICER HERNANDEZ, § <br> HILDAGO COUNTY, HILDAGO COUNTY § <br> SHERIFF OFFICERS DAVID ARREDONDO, § <br> ROBERT RODRIGUEZ, and PATRICK § <br> GREEN; DEPUTY DISTRICT ATTORNEY § <br> DANIEL DOUGHERTY, GILA REGIONAL § <br> MEDICAL CENTER, ROBERT § <br> WILCOX, M.D., and OKAY ODOCHA, M.D., § <br> § <br> Defendants. § | No. 13-CV-00727 CG/WPL |

**ANSWER OF OKAY H. ODOCHA, M.D. TO PLAINTIFF'S "COMPLAINT
TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND
PERSONAL INJURY"
and
JURY DEMAND**

**COMES NOW** the Defendant, Okay H. Odocha, M.D. ("Dr. Odocha" or "the Defendant") by and through his attorneys of record, Brown & Gay, P.C. (Remo E. Gay and Melissa A. Brown), and, for his Answer to Plaintiff's "Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury" (hereinafter the "Complaint" or "Plaintiff's Complaint"), respectfully states as follows:

    1.    Dr. Odocha admits the allegations of fact set forth in paragraphs 2, 6 and 70 of Plaintiff's Complaint.

    2.    Dr. Odocha specifically denies the allegations of fact set forth in paragraphs 66,

100, 161 [sic: 169]; 164 [sic: 172]; 165 [sic: 173]; 166 [sic: 174]; 167 [sic: 175]; 170 [sic: 177]; 171 [sic: 178]; 172 [sic: 179]; 173 [sic: 180]; 174 [sic: 181]; 175 [sic: 182]; 176 [sic: 183]; 177 [sic: 184]; 178 [sic: 185]; 179 [sic: 186]; 182 [sic 189]; 183 [sic: 190]; 184 [sic: 191]; 185 [sic: 192]; 186 [sic: 193]; 187 [sic: 194]; 189 [sic: 196]; 191 [sic: 198]; 192 [sic: 199], 193 [sic: 200]; 194 [sic: 201]; 195 [sic: 202]; 196 [sic: 203]; 208 [sic: 215], 208(a) through (h) [sic: 215(a) through (h)]; 209 [sic: 216]; 210 [sic: 217]; 212 [sic: 219]; 212(a) through (h) [sic: 219(a) through (h)]; 213; 214 [sic: 221]; 215 [sic: 222]; 216 [sic: 223]; 219 [sic: 226]; 220 [sic: 227]; 221 [sic: 228]; 222 [sic: 229]; 223 [sic: 230]; 225 [sic: 232]; 225(a) through (f) [sic 232(a) through (f)]; 226 [sic: 233]; 227 [sic: 234]; 228 [sic: 235]; 229 [sic: 236]; 230 [sic: 237]; 231 [sic: 238]; 232 [sic: 239]; and 233 [sic: 240] of Plaintiff's Complaint, to the extent such allegations of fact relate to this Defendant, and, therefore, demands strict proof thereof. To the extent that the foregoing paragraphs relate in whole or in part to other Defendants, Dr. Odocha is presently without sufficient specific factual knowledge to otherwise admit or deny the allegations of fact therein and, thus, denies the same and demands strict proof thereof.

3. Dr. Odocha is presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the allegations of fact set forth in paragraphs 1, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 52, 53, 54, 55, 56, 58, 59, 60, 61, 62, 63, 64, 65, 67, 71, 72, 73, 102, 103, 104, 105, 107, 108, 110, 111, and 112 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

4. The allegations of fact set forth in paragraphs 3, 4, 5, 7, 8, 9, 10, 12, 49, 50, 109, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150,

151, 152, 153, 154, 155, 156, 157, 158, 159, 152 [sic: 160], 153 [sic: 161], 154 [sic: 162], 155 [sic: 163], 156 [sic: 164], 157 [sic: 165], 158 [sic: 166], 159 [sic: 167], 197 [sic: 204]; 198 [sic: 205], 199 [sic: 206], 200 [sic: 207], 201 [sic: 208], 202 [sic: 209], 203 [sic: 210], 204 [sic: 211], 205 [sic: 212], 206 [sic: 213], and 234 [sic: 241] of Plaintiff's Complaint do not appear to require any response from Dr. Odocha but, to the extent that response is somehow deemed necessary, Dr. Odocha specifically denies such allegations of fact and demands strict proof thereof.

5. Paragraphs 51, 160 [sic: 168], 162 [sic: 170], 163 [sic: 171], 169 [sic: 176], 180 [sic: 187], 181 [sic: 188], 188 [sic: 195], 190 [sic: 197], 207 [sic: 214], 211 [sic: 218]; 217 [sic: 224]; and 218 [sic: 225] of Plaintiff's Complaint appear to contain statements of law or legal conclusions, and not allegations of fact to which a response might be deemed required from this Defendant. To the extent a response may be required, Dr. Odocha is presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the allegations set forth in the aforementioned paragraphs.

6. As to the allegations of fact set forth in paragraph 11 of Plaintiff's Complaint, Dr. Odocha admits only that Gila Regional Medical Center is located in Silver City, New Mexico. The remaining allegations of fact set forth in paragraph 11 of Plaintiff's Complaint do not appear to require any response from this Defendant, but to the extent a response might somehow be deemed necessary, Dr. Odocha denies the same and demands strict proof thereof.

7. As to the allegations of fact set forth in paragraph 13, of Plaintiff's Complaint, Dr. Odocha specifically denies that he was an employee of Gila Regional Medical Center at all times material hereto, but admits that he acted at the request of law enforcement on January 2-3, 2013, with respect to the Plaintiff. The remaining statements in paragraph 13 of Plaintiff's Complaint appear to be statements of law or legal conclusions, and not allegations of fact to which a

response might be deemed required.

8. As to the allegations of fact set forth in paragraph 57 of Plaintiff's Complaint, Dr. Odocha admits only that Gila Regional Medical Center is located in Silver City, Grant County, New Mexico. Dr. Odocha is presently without sufficient specific factual knowledge to confirm the precise accuracy of the remaining allegations of fact, if any, set forth in paragraph 57 of Plaintiff's Complaint and, therefore, denies the same and demand strict proof thereof.

9. As to the allegations of fact set forth in paragraphs 68 and 69 of Plaintiff's Complaint, Dr. Odocha admits only that, according to his pertinent History & Physical/Consult ("H&"P) dictation, Dr. Robert Wilcox reported to Dr. Odocha that, upon digital examination, he could feel something in the Plaintiff's rectum, but did not know what it was, and requested a surgical consultation from Dr. Odocha for possible flexible colonoscopy. Dr. Odocha is otherwise without sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact, if any, set forth in paragraphs 68 and 69 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof in any event.

10. As to the allegations of fact set forth in paragraphs 74, 75, 76, and 77 of Plaintiff's Complaint, Dr. Odocha admits only that, according to his pertinent H&P, upon rectal examination of the Plaintiff, Dr. Odocha felt stool in the rectum, but no masses were felt apart from the stool, that Dr. Odocha made note several times in his H&P/consult report that the Plaintiff presented for a "body search" by judge's order from Deming, New Mexico, and that Dr. Odocha ordered that the Plaintiff be given at least one normal saline enema in preparation for colonoscopy. Dr. Odocha is presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact, if any, set forth in

paragraphs 74, 75, 76 and 77 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

11.     As to the allegations of fact set forth in paragraphs 78 through 89 of Plaintiff's Complaint, Dr. Odocha admits only that, according to pertinent Gila Regional Medical Center records, the Plaintiff was given two saline enemas at approximately 2223 and 2315 hours on January 2, 2013, and subsequently had bowel movements which were inspected by nursing staff and an officer.  Dr. Odocha is presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact set forth in paragraphs 78 through 89 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

12.     As to the allegations of fact set forth in paragraphs 90 through 95 of Plaintiff's Complaint, Dr. Odocha admits only that, on January 2, 2013, he wrote orders for a flexible sigmoidoscopy/colonoscopy at 1:00 a.m. on January 3, 2013, and, among other things, a chest x-ray in preparation for the colonoscopy.  Dr. Odocha is presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact set forth in paragraphs 90 through 95 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

13.     As to the allegations of fact set forth in paragraphs 96, 97, 98, 99 and 101 of Plaintiff's Complaint, Dr. Odocha admits only that, according to available record, the Plaintiff was taken to the operating room for a colonoscopy at 0126 hours on January 3, 2013, that the procedure began at approximately 0140 hours and was completed at approximately 0215 hours, and that a colonoscopy involves inserting a colonoscope into the anus, rectum, rectosigmoid, descending, transverse and ascending colon, and cecum.  Dr. Odocha is presently without

sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact set forth in paragraphs 96, 97, 98, 99 and 101 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

14. As to the allegations of fact set forth in paragraph 106 of Plaintiff's Complaint, Dr. Odocha admits only that, according to available medical records, on January 2-3, 2013, the Plaintiff underwent two rectal examinations, two radiologic studies, and a colonoscopy, and two saline enemas and anesthesia were administered to the Plaintiff.  Dr. Odocha is presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact set forth in paragraph 106 of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

15. As to the allegations of fact set forth in paragraph 224 [sic: 231] of Plaintiff's Complaint, Dr. Odocha admits only that he performed a rectal examination of the Plaintiff and also performed a colonoscopy, on January 2-3, 2013.  Dr. Odocha is otherwise presently without sufficient specific factual knowledge to form a belief as to the precise accuracy of the remaining allegations of fact set forth in paragraph 224 [sic: 231] of Plaintiff's Complaint and, therefore, denies the same and demands strict proof thereof.

16. All factual allegations set forth in Plaintiff's Complaint not otherwise specifically admitted herein are denied by Dr. Odocha, and Dr. Odocha demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Any claims for damages against Dr. Odocha arising out of the practice of medicine are governed generally by the terms of New Mexico's "Medical Malpractice Act," NMSA 1978, §§41-5-1 through 41-5-29 (2001), and Dr. Odocha is entitled to all of the benefits, limitations

and repose provided for in the Medical Malpractice Act, and all claims for damages are limited by the specific terms of the Medical Malpractice Act. The Plaintiff has failed to comply with the procedural prerequisites to filing a lawsuit against Dr. Odocha under the terms of the Medical Malpractice Act, including obtaining a written decision by the New Mexico Medical Review Commission as to Plaintiff's claims against Dr. Odocha, and, therefore, Dr. Odocha specifically reserves the right to file a Motion to Dismiss all of the Plaintiff's claims pending the rendition of a written decision by the New Mexico Medical Review Commission.

### Second Affirmative Defense

Dr. Odocha states that, at all times material hereto, he did possess and properly apply the knowledge and did bring to bear and use the skill and care that would ordinarily be used by reasonably well-trained and similarly qualified general surgeons practicing under similar circumstances in Grant County, New Mexico.

### Third Affirmative Defense

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted against Dr. Odocha.

### Fourth Affirmative Defense

The injuries and damages, if any, sustained by the Plaintiff, were the direct and proximate result of independent, intervening and/or superseding causes, barring or reducing any recovery from Dr. Odocha.

### Fifth Affirmative Defense

Plaintiff's Claims against this Defendant are barred, in whole or in part, by statutory, absolute and qualified immunity.

**Sixth Affirmative Defense**

Plaintiff's Claims against this Defendant are barred, in whole or in part, by New Mexico state law, including the New Mexico Tort Claims Act, N.M.S.A. (1978) §§ 41-4-1, *et seq.*

**Seventh Affirmative Defense**

If Dr. Odocha is determined to have been negligent, which is specifically denied, then Plaintiff and/or other persons or entities not under the control of Dr. Odocha were also negligent, and any such negligence was the direct and proximate cause of the injuries and damages, if any, sustained by the Plaintiff, thereby barring or reducing any recovery from Dr. Odocha.

**Eighth Affirmative Defense**

If Dr. Odocha is determined to have been negligent, which such negligence is specifically denied, then Plaintiff and/or other persons/entities were also negligent and such negligence must be compared to the negligence of all others contributing to fault and/or causation, thereby barring or reducing any recovery from Dr. Odocha.

**Ninth Affirmative Defense**

The prayer for punitive damages set forth in the Complaint is barred by the Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, as well as by Article I, Section 10, and by Article II, Sections 13, 14, 15, 18 and 19 of the Constitution of the State of New Mexico.  Under the facts of this case, any award of punitive damages against Dr. Odocha is not justified, and any such award would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

**Tenth Affirmative Defense**

Plaintiff's claims against this Defendant are barred, in whole or in part, by 42 U.S.C. § 1983.

### Eleventh Affirmative Defense

Dr. Odocha specifically reserves the right herein to assert claims for indemnification, contribution and/or subrogation, or any other relevant cause of action, against the other Defendants to this action, within the time periods set forth in the relevant statutes of repose and/or limitations applicable to the Plaintiff's allegations.

Dr. Odocha reserves the right to assert any additional affirmative defenses made necessary by continuing discovery, which cannot reasonably be anticipated at the present time.

### JURY DEMAND

This Defendant hereby demands a trial by jury.

**WHEREFORE** the Defendant, Okay H. Odocha, M.D., having fully answered or otherwise responded to the allegations set forth in Plaintiff's Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury prays that the Complaint be promptly dismissed with prejudice as against Dr. Odocha, for the recovery of Dr. Odocha's costs incurred via the defense of this matter, and for such other and further relief as the Court deems just and proper.

BROWN & GAY, P.C.

By  /s/ *Melissa A. Brown*
Remo E. Gay
Melissa A. Brown
Attorney for Defendant Okay H. Odocha, M.D.
3810 Osuna Road NE, Ste. 1
Albuquerque, New Mexico  87109-4417
(505) 842-5715
(505) 842-5713 (facsimile)
rgay@brownandgay.com
mbrown@brownandgay.com

**CERTIFICATE OF SERVICE**

The foregoing was sent via CM/ECF to the following counsel of record this 15th day of October, 2013:

Joseph P. Kennedy, Esq.
jpk@civilrightslawnewmexico.com

Tony F. Ortiz, Esq.
tony@tonyfortizlaw.com

Shannon L. Kennedy, Esq.
kennedylaw@civilrightslawnewmexico.com

Damian L. Martinez, Esq.
dlm@hbm-law.com

Blaine T. Mynatt, Esq.
btm@hbm-law.com
Patricia Williams
pwilliams@wwwlaw.us

Tamara R. Safarik
tamara@mclaughertyandsilver.com

>   */s/ Melissa A. Brown*
>   Melissa A. Brown