IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID ECKERT,

       Plaintiff,

v.                                      NO: 1:13-CV-00727 CG/WPL

THE CITY OF DEMING, DEMING POLICE
OFFICERS BOBBY OROSCO, ROBERT CHAVEZ,
and OFFICER HERNANDEZ, HILDAGO COUNTY;
HILDAGO COUNTY SHERIFF OFFICERS
DAVID ARREDONDO, ROBERT RODRIGUEZ,
and PATRICK GREEN; DEPUTY DISTRICT
ATTORNEY DANIEL DOUGHERTY,
GILA REGIONAL MEDICAL CENTER,
ROBERT WILCOX, M.D. and OKAY H. ODOCHA, M.D.

       Defendants.

## DEFENDANT ROBERT WILCOX M.D.'S ANSWER TO PLAINTIFF'S COMPLAINT TO RECOVER DAMAGES FOR DEPRIVATION OF CIVIL RIGHTS AND PERSONAL INJURY AND JURY DEMAND

**COMES NOW**, Defendant Robert Wilcox, M.D. ("Dr. Wilcox"), by and through his attorneys of record, McClaugherty & Silver, P.C., and, pursuant of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury (the "Complaint") as follows.

### FIRST DEFENSE

1.     Dr. Wilcox is without sufficient information to admit or deny whether the asserted bases for jurisdiction and venue are proper. Any remaining allegations are denied.

2.     Dr. Wilcox admits the allegations of paragraph 1 of the Complaint based only upon the representations of counsel as Dr. Wilcox has no personal knowledge of Plaintiff David

Eckert's ("Plaintiff") current place of residency.

3.      Dr. Wilcox admits the allegations contained in paragraph 2 of the Complaint.

4.      The allegations contained in paragraphs 2, 3, 4, 5, 6, 7, 8, 9 and 10 appear to be directed at parties other than Dr. Wilcox and, therefore, no response is required.  To the extent the allegations are directed at Dr. Wilcox or allege actions claimed to be taken by Dr. Wilcox, they are denied.

5.      In response to paragraph 11, Dr. Wilcox admits that Gila Medical Center is a hospital in Silver City, New Mexico.  The remainder of the paragraph appears to be directed at parties other than Dr. Wilcox and, therefore, no response is required.  To the extent the allegations are directed at Dr. Wilcox or allege actions claimed to be taken by Dr. Wilcox, they are denied.

6.      In response to paragraph 12, Dr. Wilcox denies that he was an employee or agent of Defendant Gila Medical Center.  As to the allegation that Dr. Wilcox was "acting under color of law", this is a legal determination for the court to which no response is required.  Dr. Wilcox does admit that he was acting at the request of law enforcement, pursuant to a warrant, but denies that he performed medical procedures that had no medical purpose.

7.      The allegations contained in paragraph 13 appear to be directed at a party other than Dr. Wilcox and, therefore, no response is required.  To the extent the allegations are directed at Dr. Wilcox or allege actions claimed to be taken by Dr. Wilcox, they are denied.

8.      Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47 and 48.

9.      In response to paragraphs 49 and 50, Dr. Wilcox states that the warrant and the attachments thereto (including affidavits) speak for themselves.   Dr. Wilcox denies any allegation contrary to the language of the warrant and the attachments thereto.  As to the legality of the warrant, this requires a determination by the Court.  However, Dr. Wilcox states that he reasonably believed the warrant to be legally valid and that the officers' directions to Dr. Wilcox, which he understood to be pursuant to the warrant and to execute the warrant, were in accordance with the law.

10.      Paragraph 51 contains a legal conclusion to which no response is required.  To the extent it is construed to contain an allegation against Dr. Wilcox, it is denied.

11.      Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 52, 53, 54, 55, and 56 and they, therefore, are denied.

12.      In response to paragraph 57, Dr. Wilcox admits that Gila Regional Medical Center is in Grant County.  Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 57 and they, therefore, are denied.

13.      Paragraph 58 contains a legal conclusion to which no response is required.  To the extent it is construed to contain an allegation against Dr. Wilcox, it is denied.

14.      In response to paragraph 59, Dr. Wilcox admits that Plaintiff was escorted by police into the hospital, but is without sufficient information to admit or deny the names of the police who presented with Plaintiff.

15.      Dr. Wilcox denies paragraph 60 as inconsistent with the medical record.

16.     Dr. Wilcox admits paragraphs 61 and 62.

17.     In response to paragraph 63, Dr. Wilcox admits that Dr. Orzel is the radiologist that reviewed the x-ray and dictated the x-ray report.  However, the term "conducted" is vague and, thus, Dr. Wilcox denies that Dr. Ortiz "conducted" an abdominal X-ray.

18.     In response to paragraphs 64 and 65, Dr. Wilcox states that the x-ray report speaks for itself and denies any allegation inconsistent with the report.

19.     Paragraph 66 appears to contain legal conclusions to which no response is required. To the extent paragraph 66 contains allegations against Dr. Wilcox, the allegations are denied.

20.     In response to paragraph 67, Dr. Wilcox admits that he performed a digital rectal exam, but denies the remaining allegations in the paragraph.

21.     In response to paragraph 68, Dr. Wilcox states that it contains an incomplete statement of the events and is, therefore, denied.

22.     Dr. Wilcox denies the allegations contained in paragraph 69.

23.     The allegations contained in paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, and 105 appear to be directed at parties other than Dr. Wilcox and, therefore, no response is required.  Further, Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced paragraphs. To the extent any of the allegations are directed at Dr. Wilcox or allege actions claimed to be taken by Dr. Wilcox, they are denied.

24.     The allegations contained in paragraph 106 are denied.

25.     The allegations contained in paragraphs 107, 108 and 109 appear to be directed at parties other than Dr. Wilcox and, therefore, no response is required.  Further, Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced paragraphs. To the extent any of the allegations are directed at Dr. Wilcox or allege actions claimed to be taken by Dr. Wilcox, they are denied.

26.     Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 110, 111 and 112 and they, therefore, are denied.

27.     The allegations contained in paragraphs 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, and 152 [sic: 160] appear to be directed at parties other than Dr. Wilcox and, therefore, no response is required.  Further, Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the referenced paragraphs. To the extent any of the allegations are directed at Dr. Wilcox or allege actions claimed to be taken by Dr. Wilcox, they are denied.

28.     In response to paragraph 153 [sic: 161], Dr. Wilcox states that whether his actions were taken under the color of state law is a legal determination for the court to which no response is required.  The remaining allegations in that paragraph are denied.

29.     The allegations contained in paragraphs 154 [sic: 162], 155 [sic: 163], 156 [sic: 164], 157 [sic: 165], 158 [sic: 166], and 159 [sic: 167] are denied.

30.     In response to paragraph 160 [sic: 168], Dr. Wilcox states that whether his actions

were taken under the color of state law is a legal determination for the court to which no response is required. The remaining allegations in that paragraph are denied.

31.    The allegations contained in paragraphs 161 [sic: 168], 162 [sic: 170], 163 [sic:171], 164 [sic: 172], 165 [sic: 173], 166 [sic: 174], and 167 [sic: 175] are denied.

32.    In response to paragraph 169 [sic: 176], Dr. Wilcox states that whether his actions were taken under the color of state law is a legal determination for the court to which no response is required. The remaining allegations in that paragraph are denied.

33.    The allegations contained in paragraphs 170 [sic: 177], 171 [sic: 178], 172 [sic: 179], 173 [sic: 180], 174 [sic: 181], 175 [sic: 182], 176 [sic: 183], 177 [sic: 184], 178 [sic: 185], and 179 [sic: 186] are denied.

34.    In response to paragraph 180 [sic: 187], Dr. Wilcox states that whether his actions were taken under the color of state law is a legal determination for the court to which no response is required. The remaining allegations in that paragraph are denied.

35.    The allegations contained in paragraphs 181 [sic: 188], 182 [sic 189], 183 [sic: 190], 184 [sic: 191], 185 [sic: 192], 186 [sic: 193], and 187 [sic: 194] are denied.

36.    In response to paragraph 188 [sic: 195], Dr. Wilcox states that whether his actions were taken under the color of state law is a legal determination for the court to which no response is required. The remaining allegations in that paragraph are denied.

37.    The allegations contained in paragraphs 189 [sic: 196], 190 [sic: 197], 191 [sic: 198], 192 [sic: 199], 193 [sic: 200], 194 [sic: 201], 195 [sic: 202], and 196 [sic: 203] are denied.

38.    Dr. Wilcox is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 197 [sic: 204], 198 [sic: 205], and 199 [206]

and they, therefore, are denied.

39.     The allegations contained in paragraphs 200 [sic: 207], 201 [sic: 208], 202 [sic: 209], 203 [sic: 210], 204 [sic: 211], 205 [sic: 212], and 206 [sic: 213] are denied.

40.     In response to paragraph 207 [sic: 214] of the Complaint, Dr. Wilcox admits that he owed a duty to David Eckert to possess and apply the knowledge and to use the skill and care ordinarily used by reasonably well-qualified physician practicing under similar circumstances, and that he complied with all applicable duties at all material times. Dr. Wilcox denies any contrary allegations contained in paragraph 207 [sic: 214].

41.     The allegations contained in paragraphs 208(a) through (h) [sic: 215(a) through (h)], 209 [sic: 216], and 210 [sic: 217] are denied.

42.     Paragraph 211 [sic: 218] contains a statement of law requiring a legal determination to which no response is required.  To the extent paragraph 211 [sic: 218] is deemed to contain an allegation to which a response is required, it is denied.

43.     The allegations contained in paragraphs 212(a) through (h) [sic: 219(a) through (h)], 213 [sic: 220], 214 [sic: 221], 215 [sic: 222], and 216 [sic: 223] are denied.

44.     Paragraphs 217 [sic: 224] and 218 [sic: 225] contain a statements of law requiring a legal determination to which no response is required.  To the extent paragraphs 217 [sic: 224] and 218 [sic: 225] are deemed to contain allegations to which a response is required, they are denied.

45.     The allegations contained in paragraphs 219 [sic: 226], 220 [sic: 227], 221 [sic: 228], 222 [sic: 229], 223 [sic: 230], 224 [sic: 231], 225(a) through (f) [sic: 232(a) through (f)],

226 [sic: 233], 227 [sic: 234], 228 [sic: 235], 229 [sic: 236], 230 [sic: 237], 231 [sic: 238], 232 [sic: 239], and 233 [sic: 240] are denied.

46.   Dr. Wilcox is not required to respond to Plaintiff's jury demand.

47.   Dr. Wilcox is not required to respond to Plaintiff's request for relief.

48.   Dr. Wilcox denies all allegations of the Complaint not specifically admitted. Moreover, given the prolix nature of Plaintiff's complaint, Dr. Wilcox reserves the right to amend his answer to address any scrivener's errors or misnumbering that may have occurred in attempting to address Plaintiff's voluminous allegations.

## SECOND DEFENSE

The Complaint and each of the claims that are asserted against Dr. Wilcox fail to set forth facts sufficient to constitute a claim for relief against Dr. Wilcox.

## THIRD DEFENSE

Plaintiff's claims and right to recovery, which are specifically denied, are limited by the provisions of the New Mexico Medical Malpractice Act.

## FOURTH DEFENSE

Plaintiff's claims against Dr. Wilcox are barred, in whole or in part, by statutory, absolute and qualified immunity.

## FIFTH DEFENSE

Plaintiff's claims against Dr. Wilcox are barred, in whole or in part, by New Mexico state law, including the New Mexico Tort Claims Act, N.M.S.A. (1978) §§ 41-4-1, *et seq.*

## SIXTH DEFENSE

Plaintiff cannot satisfy the requisite elements for a claim under 42 USC § 1983 against

8

Dr. Wilcox.

## SEVENTH DEFENSE

If Plaintiff was injured or damaged as alleged, which is specifically denied, then the injuries or damages resulted from the negligence or acts of third parties for which Dr. Wilcox cannot be held responsible.

## EIGHTH DEFENSE

The injuries and damages complained of resulted in whole, or in part, from an independent, intervening and superseding cause, which bars any recovery from Dr. Wilcox.

## NINTH DEFENSE

Plaintiff's claims are barred or limited by estoppel, waiver, and unclean hands.

## TENTH DEFENSE

Dr. Wilcox possessed and applied the knowledge and used the skill and care that is ordinarily used by reasonably well-qualified practitioners giving due consideration to all circumstances, to his medical specialty, and to the locality involved.

## ELEVENTH DEFENSE

Dr. Wilcox, at all times material herein, complied with all applicable duties of care and conducted himself therewith so as to bar any recovery herein.

## TWELFTH DEFENSE

Any action or inaction on the part of Dr. Wilcox was not a proximate cause of any injury or damage to Plaintiff.

## THIRTEENTH DEFENSE

If Dr. Wilcox is found negligent, which is specifically denied, then any recovery against

him must be proportionately reduced by the amount of fault attributable to Plaintiff, other defendants named in this action and third parties not named in this action.

## FOURTEENTH DEFENSE

The claims of Plaintiff for punitive damages are barred by the Fifth and Fourteenth Amendments to the Constitutions of the Unites States of America as well as Article I, Section 10; Article II, Section 13, Article II, Section 19 of the Constitution of the State of New Mexico in as much as under the facts of this case any award of punitive damages is not justified, and an award of punitive damages would constitute a denial of equal protection, a denial of due process, and/or the imposition of an excessive fine.

## JURY DEMAND

Dr. Wilcox hereby demands a trial by jury.

**WHEREFORE,** having fully answered the allegations of Plaintiff David Eckert's Complaint, Defendant Robert Wilcox, M.D. respectfully requests that the Court deny all relief sought by Plaintiff, dismiss Plaintiff's Complaint with prejudice, award Dr. Wilcox his costs, and grant Dr. Wilcox such additional relief as the Court deems appropriate.

*Electronically Filed:*

MCCLAUGHERTY & SILVER, P.C.

*/s/ Tamara R. Safarik*
Tamara Safarik
Post Office Box 8680
Santa Fe, New Mexico 87504-8680
Telephone: (505) 988-8804
Facsimile: (505) 986-9844
maclaw@spinn.net
tamara@mcclaughertyandsilver.com

Attorneys for Defendant Robert Wilcox, M.D.

10

## CERTIFICATE OF SERVICE

I hereby certify that on **October 21, 2013**, I filed Defendant Robert Wilcox, M.D.'s Answer to Plaintiff's Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury and Jury Demand through the CM/ECF system, which caused all parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing to all counsel of record.

/s/ *Tamara R. Safarik*
**Tamara R. Safarik**