FILED
DISTRICT COURT OF
HIDALGO COUNTY

2012 SEP -7 AM 9:23

Martha Elias
CLERK

STATE OF NEW MEXICO

DISTRICT COURT
SIXTH JUDICIAL DISTRICT
HIDALGO COUNTY

STATE OF NEW MEXICO
v.

Number: SW 2012-13

1998 Dodge brown in color pickup truck   Defendant(s)
VIN# 3B7KC26Z9WM274255
Registered to David Eckert

## SEARCH WARRANT

THE STATE OF NEW MEXICO TO ANY OFFICER AUTHORIZED TO EXECUTE THIS WARRANT:

Proof by Affidavit for Search Warrant, having been submitted to me, I am satisfied that there is probable cause that the person or property described in the Affidavit is located where alleged in the Affidavit and I find the ground exist for the issuance of the Search Warrant. A copy of the Affidavit is attached and made a part of this Warrant.

YOU ARE HEREBY COMMANDED to search forthwith the person or place described in the Affidavit between the hours of 6:00 a.m. and 10:00 p.m., unless I have specifically authorized a nighttime search, for the person or property described in the Affidavit, serving this Warrant together with a copy of the Affidavit, and making the search and if the person or property be found there, to seize the person or the property and hold for safekeeping until further order of the Court.

You are further directed to prepare a written inventory of any person or property seized. You are further directed to file the return and written inventory with the Court promptly after its execution.

9/7/12 @ 0150
Date

_____
Judge

### AUTHORIZATION FOR A NIGHTTIME SEARCH

I further find that a reasonable cause has been shown for nighttime execution of this Warrant. I authorize execution of this Warrant at any time of the day or night for the following reasons: To determine if contraband is in the vehicle to expedite processing. If no contraband is found, the vehicle can be returned to owner.

(set forth reasons why a nighttime search is necessary)

_____
Judge

White - Court Copy          Yellow - Defendant's Copy          Pink - Service Copy

p. 1    5755344550    LeAnn Robinson

EXHIBIT A

# RETURN AND INVENTORY

I received the attached search warrant on <u>September 7</u>
and executed it on <u>September 7th</u>, 2012, at <u>0200</u> o'clock
(a.m.)(p.m.)

FILED
DISTRICT COURT OF
HIDALGO COUNTY

2012 SEP -7 AM 9: 23

Martina Elias
CLERK

I searched the person or premises described in the warrant and I left a copy of
the warrant with <u>1998 Dodge pickup truck VIN# 3B7KC26Z9WM274255</u>
<u>Bearing NM JGS311</u>
(name the person searched or owner at the place of search)

The following is an inventory of property taken pursuant to the warrant: (attach separate inventory if necessary.)

NO CONTRA BAND FOUND, NO PROPERTY SEIZED. VEHICLE RETURNED TO OWNER AS ORDERED BY JUDGE JC ROBINSON

This inventory was made in the presence <u>Agent S. Esquivel</u>
(name of applicant for search warrant)

_____ and <u>Agent Louis Tavizon</u>
(name of owner of premises or property. If not available, name of other credible)

_____
(person witnessing the inventory)

This inventory is a true and detailed account of all the property taken pursuant to the warrant.

_____
Signature of Officer

Return made this <u>7th</u> day of <u>Sep.</u>, 20<u>12</u> at <u>9:23</u>
(p.m.)

Signature of owner of property or other witness

<u>Martina Elias</u>
Judge or Clerk

After careful search I could not find at the place, or on the person described the property described in this warrant.

_____   _____
Date             Officer

White – Court Copy      Yellow – Defendant Copy      Pink – Service Copy

Approved: Supreme Court, October 1, 1974; amended October 1, 1976 and July 1, 1980.
Criminal Form 9-214

Page 2 of 2

FILED
DISTRICT COURT OF
HIDALGO COUNTY

2012 SEP -7 AM 9:23

_Martina Chas_
CLERK

_[signature]_
DEPUTY

STATE OF NEW MEXICO
DISTRICT COURT
SIXTH JUDICIAL DISTRICT
HIDALGO COUNTY

STATE OF NEW MEXICO
v.

Number: SW2012-13

1998 DODGE brown in color pick up truck
VIN# 3B7KC26Z9WM274255 Defendant(s)
Registered to David Eckert

## AFFIDAVIT FOR SEARCH WARRANT

Affiant, being duly sworn, upon his oath, states that I have reason to believe that on the following described premises or person of (here name person and/or describe premises)

A 1998 brown in color 2 door Dodge pickup truck vehicle registered to David Eckert, VIN number: 3B7KC26Z9WM274255. The Dodge vehicle displays New Mexico license plate number JGS311. This vehicle is currently secured at the Hidalgo County Sheriff Department Administration building located at 720 E. 2nd Street in the City of Lordsburg, County of Hidalgo and State of New Mexico

in the city or county designated above there is now being concealed (set forth name of person or describe property as particularly as possible)
See Attachment A

and that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: ( include facts in support of the credibility of any hearsay relied upon; if necessary, continue on reverse side of this form or on a separate page or pages)
See Attachment B

Subscribed and sworn to or declared and affirmed to before me in the above named county of the State of New Mexico this _7th_ day of _September_, 20_12_ @ _0150_

_[signature]_
Judge, Notary or Other Officer
Authorized to Administer Oaths

_[signature]_
Signature of Affiant

Official Title

Official Title (if any)

Note: This affidavit shall be filed in the same as the search warrant. If no criminal proceedings are filed, the affidavit and warrant shall be filed in a miscellaneous file Approved: Supreme Court, July 1, 1980. Criminal Form 9-213

p.2    5755344550    LeAnn Robinson

STATE OF NEW MEXICO

DISTRICT COURT
SIXTH JUDICIAL DISTRICT
HIDALGO COUNTY

STATE OF NEW MEXICO
v.

1998 DODGE brown in color pick up truck
VIN# 3B7KC26Z9WM274255      Defendant(s)
Registered to David Eckert

Number _____

## AFFIDAVIT FOR SEARCH WARRANT

Affiant, being duly sworn, upon his oath, states that I have reason to believe that on the following described premises or person of (here name person and/or describe premises)

A 1998 brown in color 2 door Dodge pickup truck vehicle registered to David Eckert, VIN number: 3B7KC26Z9WM274255. The Dodge vehicle displays New Mexico license plate number JGS311. This vehicle is currently secured at the Hidalgo County Sheriff Department Administration building located at 720 E. 2nd Street in the City of Lordsburg, County of Hidalgo and State of New Mexico

in the city or county designated above there is now being concealed (set forth name of person or describe property as particularly as possible)
See Attachment A
and that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: ( include facts in support of the credibility of any hearsay relied upon; if necessary, continue on reverse side of this form or on a separate page or pages)
See Attachment B
Subscribed and sworn to or declared and affirmed to before me in the above named county of the State of New Mexico this _____ day of _____, 20 _____.

_____
Judge, Notary or Other Officer
Authorized to Administer Oaths

_____
Official Title

_____
Signature of Affiant

BDTE Agent
Official Title (if any)

Note: This affidavit shall be filed in the same as the search warrant. If no criminal proceedings are filed, the affidavit&warrant shall be filed in a miscellaneous file Approved: Supreme Court, Jul 1, 1980.   Criminal Form 9213

## ATTACHMENT A

A. Marijuana, methamphetamines, or any controlled substances or substances or items used to produce or manufacture a controlled substance to include but not limited to chemicals, heating elements, beakers or other glassware, hoses, and containers. Any and all other controlled substances enumerated in the Controlled Substances Act and deemed illegal by said Act, in unknown quantities along with any and all paraphernalia being used for the purposes of packaging, concealment, weighing, or preparation for the purpose of sale of any controlled substance, and or for the purpose of ingestion, inhalation or any other means to introduce into the human body a controlled substance.

B. US currency in any and all denominations, ledgers, receipts or records pertaining to currency's origin.

C. Books, records and information, computerized records, receipts, notes, ledgers and other documents relating to transporting, ordering, purchasing, and/or distributing controlled substances. The term "records and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored; including any electrical, electronic, or magnetic form (such as any information on an electronic or magnetic storage device, including floppy diskettes, hard disks, ZIP disks, CD-ROMs, optical discs, backup tapes, printer buffers, smart cards, memory calculators, pagers, personal digital assistants such as Palm Pilot computers, as well as printouts or readouts from any magnetic storage device); any handmade form (such as writing, drawing, painting); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies.

D. Financial documents, including but not limited to, credit card statements, tax returns, safe-deposit records, safe-deposit keys, bank records, bank statements, money orders, Western Union receipts, checking account records cashiers checks, passbooks and other items evidencing the obtainment, concealment and/or expenditure of money.

E. Records, including but not limited to, address and telephone books (electronic or otherwise), telephone bills, cellular telephones, pagers, airline tickets, rental car records, storage unit rental records, false identification, other forms of identification, vehicle titles, vehicle registrations, records showing occupancy of the premises, and/or motel records.

F. Proceeds of an unlawful activity, including but not limited to, currency, jewelry, vehicles and other assets or financial records related thereto.

G. Photographs and/or video tapes including but not limited to photographs and/or video tapes

of co-conspirators, weapons, assets and/or controlled substances and/or narcotics.

H. Firearms. Any and all firearms, which may be currently reported stolen or altered in any manner such as, barrel length reductions, removal or serial numbers, model numbers or makes of the firearms, which would constitute a crime. Any and all parts pieces, barrel ends, or components of any firearms.

## ATTACHMENT B

Affiant, Agent Scott Esquivel, having been duly sworn, do hereby depose as follows:

1. I am a New Mexico Certified Police Officer currently employed by the Hidalgo County Sheriff Department. I am currently assigned as a Agent with the Border Drug Task Force. Prior to employment with the Hidalgo County Sheriff Department, I was employed as a Police Officer with the Lordsburg Police Department for approximately 3 and a half years. During my employment with the Lordsburg Police Department, the Hidalgo County Sheriff's Department and assignment with the Border Drug Task Force, I have personally participated in numerous drug-related and fraud related investigations and undercover roles and have made arrests and prosecutions of those individuals involved. I have successfully completed various drug-related advanced training courses throughout my employment. I maintain a certain expertise and actual ongoing working experience in the patterns, methods, terminology and other aspects of drug dealings and drug traffickers. The advanced training has been provided by various Federal, State, and local Agencies which include the Drug Enforcement Administration, the New Mexico Law Enforcement Academy and other highly accredited law enforcement training providers.

Lt. Patrick Green is a certified Narcotics Canine Handler and have been for approximately 3-years. He has been certified with his Canine partner "LEO" for approximately 2-years through CNCA. (California Narcotics Canine Association) and the New Mexico Corrections Department (NMCD).

Canine "LEO" is an approximately 3 year old male Czech German Sheppard. Canine LEO is trained and certified to detect the odors of Marijuana, Heroin, Cocaine, Methamphetamine and Ecstasy and large amounts of currency. He is certified through "NMCD" and "CNCA".

2. This affidavit is submitted in support of an order authorizing the search of the brown in color 1998 Dodge pickup truck displaying New Mexico registration of JGS311 with a VIN #3B7KC26Z9WM274255 (residence/vehicle or subject to be searched) described above in Lordsburg (City), New Mexico.

3. Based on my experience and training as a Narcotic Agent, I know the following:

A. Narcotic traffickers often amass large amounts of profits derived from their illegal narcotics trafficking activities. Documents and other records pertaining to assets which are proceeds of the narcotics trafficking described herein would constitute evidence of the same narcotics trafficking.

B. Narcotic traffickers often maintain large amounts of U.S. Currency that are derived from illegal activities.

C. Narcotic traffickers often convert their illegal profits into other assets, such as stocks, bonds, precious metals, jewelry, real estate, vehicles and other assets. The acquisition of such assets, which are the proceeds of narcotics transactions and the changes of one form of asset to another almost invariably generate documents evidencing such activity.

D. Narcotic traffickers often maintain ledgers, account books and other papers detailing the receipt, storage, sale and distribution of narcotics. These ledgers often contain amounts of drugs, accounting of payments made and received, accounts receivable and accounts payable used in furtherance of their drug trafficking activities.

E. Narcotic traffickers often maintain phone books, address books and other papers containing names, telephone numbers, and addresses of suppliers and purchasers of narcotics. Often times, narcotic traffickers will write these documents in code and they maintain documents containing the key to their codes.

F. Narcotic traffickers also often maintain receipts for various services, such as bank statements, telephone bills, utility bills, vehicle repair, consumer goods purchases, all evidencing the disposition of illegal profits, the existence of "stash" houses, and the existence of other assets. Narcotic traffickers often maintain various documents evidencing ownership of assets such as real estate deeds, vehicle titles, and insurance policies.

G. Narcotic traffickers often maintain the types of documents described in 3(D)(E)(F) in files, on computer discs and in computer memory.

H. Narcotic trafficking is a "for profit business" and, as such, traffickers must maintain the types of documents described in paragraph 3(D)(E)(F) so as determine profitability and to track debts owed by and to the trafficker.

I. Narcotic traffickers also often keep photographs of themselves and their co-conspirators, narcotics, weapons and their illegal profits.

J. Narcotic traffickers also often maintain safe deposit boxes where they store narcotics, U.S. Currency and other documents evidencing their narcotics trafficking. It is common knowledge that safe deposit boxes require the owner to keep the key to the safe deposit box.

K.  Narcotic traffickers often maintain the above described items and documents in their primary residence so as to afford them ready access to those items.

L.  Narcotic traffickers often place ownership of vehicles, real estate and other assets in nominee names and register utility services in nominee names so as to avoid law enforcement detection.

4.  The Affiant is aware that the drug and narcotic trafficking organizations often maintain records and evidence of their activity for extended periods of time. For example, documentation of such activities has been seized by the Southwestern New Mexico Task Force in joint investigations with the Drug Enforcement Administration and the U.S. Immigration and Customs Enforcement.

Based on the above, the Affiant believes that there is property that constitutes evidence of the commission of a criminal offense; contraband, the fruits of crime, or things otherwise criminally possessed and believes there is probable cause to search the subject premises.

## BODY OF AFFIDAVIT

On Thursday, September 6, 2012 at approximately 1826 hrs, Deputy Robert Rodriguez was in full uniform and driving a fully marked patrol car. He was behind a Brown Dodge Pick-up truck bearing New Mexico License plate number JGS-311 at a posted stop sign intersection of Main Street and Interstate 10 Westbound Exit off ramp 22. He noticed that the Brown Dodge pick-up truck had a cracked windshield which is a violation of New Mexico State statue 66-3-846C.

The Brown Dodge Pick-up made a right turn onto Main Street and was approaching East Railway Blvd. The Brown Dodge pick-up made a right turn onto Railway Blvd and was now traveling east on Railway Blvd. Deputy Rodriguez engaged his emergency equipment and initiated a traffic stop on said vehicle on Railway Blvd approximately the 300 Block East. The vehicle was bearing New Mexico license plate number JGS-311.

Deputy Rodriguez approached the vehicle on the driver's side and asked the driver who he recognized as David ECKERT and verified by his New Mexico Drivers License. He identified himself and explained the reason for the traffic stop to ECKERT. The windshield had intersecting cracks and was cracked at the center of the windshield and along the lower section of the driver side windshield. Deputy Rodriguez asked ECKERT how long the windshield had been cracked with intersecting cracks. ECKERT told Deputy Rodriguez it had been broken for some time and was hard to find parts for the truck.

He asked ECKERT for his insurance and registration. While looking at two registration cards, Deputy Rodriguez noticed that ECKERTS hands were trembling as he held the correct registration card. ECKERT looked at the registration card for some time then handed him the registration and insurance. ECKERT then reached for his wallet and handed Deputy

Rodriguez his New Mexico drivers' license. He asked ECKERT to step out of the vehicle for officer safety reasons and directed him to the front of his patrol car to finish the traffic stop.

When ECKERT opened the drivers' door and stepped out through the open drivers' door. Deputy Rodriguez observed under the driver's seat on the floor board a blue latex glove that was partially turned inside out and a small clear plastic bag partially inserted in the blue latex glove. ECKERT closed the driver's door and walked back to the patrol car and stood next to the right front fender.

Deputy Rodriguez walked back to his police car and checked for a driver's license status on ECKERT. Central dispatch advised that the driver's license was valid as per New Mexico Department of Motor vehicle records. As Deputy Rodriguez wrote out the traffic citation he saw that ECKERT was very nervous rubbing the back of his neck. ECKERT kept looking back towards his vehicle and in the direction of his residence that was located approximately a block east of the traffic stop location. Deputy Rodriguez continued conversation with ECKERT about his trip. During the conversation, ECKERT avoided eye contact with Deputy Rodriguez as he told him he was coming from Deming, New Mexico. ECKERT told him he went to Deming, NM to buy his 15 year old daughter a birthday cake. ECKERT then stated he could not find a birthday gift for her in Deming. Deputy Rodriguez then noticed ECKERT'S female partner was walking towards their location from ECKERT'S residence. At that point she was directed to go back and not interfere with the traffic stop.

Deputy Rodriguez then directed ECKERT to stand at his unit while he checked the vehicle identification numbers. Deputy Rodriguez looked at the VIN on the dash but the VIN was obstructed by some objects. ECKERT then approached him and tried to remove the object covering the VIN at the window. However ECKERT was unable to remove the object covering the VIN at the dash. Deputy Rodriguez then opened the driver's door to verify the VIN on the NADER sticker. At that point he again saw the partially turned inside out blue latex glove and a small clear plastic bag partially inserted in the blue latex glove. He also noticed a box on the seat which was empty without a birthday cake inside of it contrary to what ECKERT had said earlier.

Deputy Rodriguez returned back to his unit and advised ECKERT he was going to give him a written warning on the windshield violation. He explained the citation to ECKERT and advised him of his options to accept the written warning for the windshield violation or contest the citation in court. ECKERT told me he would take the warning option because the windshield was cracked. ECKERT initialed and signed the written warning traffic citation. At this time Deputy Rodriguez noticed that ECKERT"s leg was shaking uncontrollable while he was signing his name and initialing the warning box. He gave ECKERT back his New Mexico State issued drivers license and copy of the traffic citation and told ECKERT he was free to leave.

At this time Deputy Rodriguez asked ECKERT if I could ask him some questions. ECKERT stopped and rudely asked if he was free to leave. Deputy Rodriguez told him he was free to

EXHIBIT A

leave however he believed that there was some kind of illegal contraband inside the vehicle that he would like to ask him about. ECKERT stood at the driver door threw up his hands and shouted what kind of illegal contraband. Deputy Rodriguez explained to ECKERT that a blue latex glove with a clear plastic baggie on the floor board under the driver's seat.

At that time ECKERT refused to talk to Deputy Rodriguez so he advised him he was free to leave however his vehicle was going to be seized and police would get a search warrant.

Based on Deputy Rodriguez's personal knowledge from reliable sources and previous narcotic reports of ECKERT'S trafficking methamphetamines in the Lordsburg NM area and his nervous demeanor and mannerisms during the traffic stop and the following indicators
- ECKERT'S inconsistent statement of going to Deming NM to buy a birthday cake and not having a birthday cake in the vehicle.
- The used blue medical latex glove that was partially turned inside out with a clear plastic baggie partially inserted in the glove which is consistent with handle and packaging illegal narcotics.
- ECKERT nervousness during the traffic stop by rubbing the back of his neck and his leg shaking uncontrollably while signing the written warning and constant gazing back at his vehicle.
- Deputy Rodriguez's previous experience's with ECKERT where he was calm and cooperative was inconsistence with his current encounter with ECKERT.
- ECKERT'S behavior escalated from nervous and cooperative, to aggressive and confrontational when asked about possible illegal contraband in the vehicle.

Once at the Hidalgo County Sheriff Department Administration building, Lt. Patrick Green did deploy his Canine partner "LEO" around the vehicle for a free air sniff. Once finished, Lt. Green did tell me that his Canine partner "LEO" did alert to an unknown narcotic odor on the vehicle. (See Canine qualifications in attachment B)

## CONCLUSION

Based on the positive indication to the presence of narcotics odor by Canine LEO to the vehicle, David Eckert's' conflicting story of the birthday cake that he purchased in Deming NM but was not in his vehicle, the nervous behavior and mannerisms such as him rubbing the back of his neck, constant gazing at his vehicle and his uncontrollable shaking leg while signing the Deputy's written warning citation. Eckert's confrontational attitude when told by Deputy Rodriguez that he believed there to be illegal contraband in the vehicle and the used blue latex glove with the clear plastic baggy that is consistent with items used for handling and packaging illegal narcotics and Deputy Rodriguez prior knowledge of ECKERT trafficking methamphetamine in the Lordsburg, NM area. Affiant believes that there may be evidence of criminal activity in the baggage, containers, interior panels and contents located in the vehicle or in a compartment or component of the vehicle.

## PRESENTATION

The Affiant respectfully requests that the Court finds that probable cause exits to authorize a detailed search of the vehicle to recover any items deemed as criminal evidence.

# HIDALGO COUNTY SHERIFF'S DEPARTMENT
720 EAST 2ND STREET
LORDSBURG, NM 88045
(575) 542-3833

Date: 9-6 20 12

Time: _____

## TOWING AUTHORIZATION

I hereby order TLB Towing _____ Wrecker _____ Telephone: _____

Address: East Motel Dr., Lordsburg, NM 88045

To remove from: 300 Block E. Railway Blvd, Lordsburg, NM

The vehicle listed below for reason: Search Warrant

You are further instructed to: ____ HOLD - Contact undersigned officer prior to releasing

__X__ RELEASE vehicle upon proper proof of ownership

Authorizing Officer: [signature]
Wrecker Signature: [signature]

### VEHICLE

Make: DODGE  Style: PK  Color: BRO  VIN #: 3B7KC26Z9WM274255
DR #: 12-652  Engine Size: V8  # Cylinders: 8  Tire Size: ___  Odometer Reading: ___
Year: 1998  Lic. No.: 065311  License State: NM  Year License: 3-2013
Driver/Owner: David W. Eckert  Address: 223 East Railway Lordsburg  Phone: UNK

### CONDITION OF VEHICLE

**BROKEN GLASS:**
- Left Side: ___ YES  ✓ NO
- Right Side: ___ YES  ✓ NO
- Front: ✓ YES  ___ NO
- Rear: ___ YES  ✓ NO

**BODY DAMAGE:**
- Left Side: ✓ YES  ___ NO
- Right Side: ✓ YES  ___ NO
- Front: ✓ YES  ___ NO
- Rear: ✓ YES  ___ NO
- Top: ___ YES  ✓ NO

### CONTENTS AND ACCESSORIES

| | YES | NO | | YES | NO | | YES | NO | | YES | NO |
|---|---|---|---|---|---|---|---|---|---|---|---|
| KEYS in Vehicle: | | ✓ | CB Radio: | | ✓ | Spare Tire: | | ✓ | Trlr. Hitch: | | |
| Broadcast Radio: | ✓ | | Heater/AC: | ✓ | | Lug Wrench: | ✓ | | Mag Wheels: | | |
| Tape Deck/CD: | ✓ | | Spotlight: | | | Jack: | ✓ | | Aux. Lights: | | |

Other Contents: Empty Pastry Box, Various bottles of Eluin's personal/automotive

---

The rates, rules, regulations and charge which apply to wrecker service are subject to the limitations set by the State Corporation Commission of New Mexico and not the Hidalgo County Sheriff's Department. In the event you feel that you have been overcharged in the towing of your vehicle, please bring it to the attention of the wrecker company owner or operator. If you are not satisfied with his/her explanation of the charges, you may forward your complaint to the State Corporation Commission, P.E.R.A. Building, P.O. Drawer 1269, Santa Fe, New Mexico 87501.

WHITE COPY - OFFICER     YELLOW COPY - DRIVER/OWNER     PINK COPY - WRECKER

EXHIBIT A