STATE OF NEW MEXICO

DISTRICT COURT
SIXTH JUDICIAL DISTRICT
HIDALGO COUNTY

STATE OF NEW MEXICO
v.

SW 12-14
Number

YOUNG, TIMOTHY W. Defendant(s)
DOB:03/10/82
SOC: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

## SEARCH WARRANT

THE STATE OF NEW MEXICO TO ANY OFFICER AUTHORIZED TO EXECUTE THIS WARRANT:

Proof by Affidavit for Search Warrant, having been submitted to me, I am satisfied that there is probable cause that the person or property described in the Affidavit is located where alleged in the Affidavit and I find the ground exist for the issuance of the Search Warrant. A copy of the Affidavit is attached and made a part of this Warrant.

YOU ARE HEREBY COMMANDED to search forthwith the person or place described in the Affidavit between the hours of 6:00 a.m. and 10:00 p.m., unless I have specifically authorized a nighttime search, for the person or property described in the Affidavit, serving this Warrant together with a copy of the Affidavit, and making the search and if the person or property be found there, to seize the person or the property and hold for safekeeping until further order of the Court.

You are further directed to prepare a written inventory of any person or property seized. You are further directed to file the return and written inventory with the Court promptly after its execution.

___10/14/2012  @0145___                          _J.C. Robinson_ (Electronic Signature )
        Date                                                         Judge


## AUTHORIZATION FOR A NIGHTTIME SEARCH

I further find that a reasonable cause has been shown for nighttime execution of this Warrant. I authorize execution of this Warrant at any time of the day or night for the following reasons: _____

__Defendant may possibly have narcotics hidden on his person that would be destroyed or tampered with_____

*(set forth reasons why a nighttime search is necessary)*

J.C. Robinson  (Electronic signature)
Judge

EXHIBIT B

# RETURN AND INVENTORY

I received the attached search warrant on October 13th, 2012
and executed it on October 13th, 2012, at 0300 o'clock (a.m.)(p.m.)
I searched the person or premises described in the warrant and I left a copy of the warrant with TIMOTHY W. YOUNG

_____
(name the person searched or owner at the place of search)

The following is an inventory of property taken pursuant to the warrant: (attach separate inventory if necessary.)

Nothing seized, nothing located

This inventory was made in the presence Deputy Javier Peru
(name of applicant for search warrant)

and Agent Patrick Green
(name of owner of premises or property. If not available, name of other credible)

_____
(person witnessing the inventory)

This inventory is a true and detailed account of all the property taken pursuant to the warrant.

_____
Signature of Officer

J. Peru
Signature of owner of property or other witness

Return made this 15th day of Oct, 2012, at 10:47 (a.m.)(p.m.)

Martina Elias
Judge or Clerk

After careful search I could not find at the place, or on the person described the property described in this warrant.

| Date | Officer |
|---|---|
| White – Court Copy | Yellow – Defendant Copy | Pink – Service Copy |

Approved: Supreme Court, October 1, 1974; amended October 1, 1976 and July 1, 1980.
Criminal Form 9-214                                                Page 2 of 2

DISTRICT COURT
SIXTH JUDICIAL DISTRICT
HIDALGO COUNTY

STATE OF NEW MEXICO
v.

YOUNG, TIMOTHY W. Defendant(s)
DOB:03/10/82
SOC: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

Number SW 2012-14

## AFFIDAVIT FOR SEARCH WARRANT

Affiant, being duly sworn, upon his oath, states that I have reason to believe that on the following described premises or person of (here name person and/or describe premises)

Timothy W. YOUNG, DOB:03/10/82; SOC: 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. This Person is currently secured at the Hidalgo County Sheriff Department Administration building located at 720 E. 2nd Street in the City of Lordsburg, County of Hidalgo and State of New Mexico

in the city or county designated above there is now being concealed (set forth name of person or describe property as particularly as possible)
See Attachment A
and that the facts tending to establish the foregoing grounds for issuance of a Search Warrant are as follows: ( include facts in support of the credibility of any hearsay relied upon; if necessary, continue on reverse side of this form or on a separate page or pages)
See Attachment B
Subscribed and sworn to or declared and affirmed to
before me in the above named county of the State
of New Mexico this ___14th___ day of
___October___, 20 _12_ @ _0145_ via telecom and email___.

___JC Robinson (Electronic signature)___
Judge, Notary or Other Officer
Authorized to Administer Oaths
___District Judge___
Official Title

Signature of Affiant

___L†___
Official Title (if any)

Note: This affidavit shall be filed in the same as the search warrant. If no criminal proceedings are filed, the affidavit and warrant shall be filed in a miscellaneous file Approved: Supreme Court, July 1, 1980.   Criminal Form 9-213

# ATTACHMENT A

A. Marijuana, methamphetamines, or any controlled substances or substances or items used to produce or manufacture a controlled substance to include but not limited to chemicals, heating elements, beakers or other glassware, hoses, and containers. Any and all other controlled substances enumerated in the Controlled Substances Act and deemed illegal by said Act, in unknown quantities along with any and all paraphernalia being used for the purposes of packaging, concealment, weighing, or preparation for the purpose of sale of any controlled substance, and or for the purpose of ingestion, inhalation or any other means to introduce into the human body a controlled substance.

# ATTACHMENT B

Affiant, Patrick Green, having been duly sworn, do hereby depose as follows:

1. I am a New Mexico Certified Police Officer currently employed by the Hidalgo County Sheriff Department and have been employed with the Hidalgo County Sheriff Department for approximately 3 years. I am currently assigned as a Deputy Sheriff Canine interdiction unit with the Border Drug Task Force. Prior to employment with the Hidalgo County Sheriff Department, I was employed as a Corporal-Detective with the Artesia Police Department for approximately 1 year, 2 months. I was employed as a Sheriff's Deputy with the Hidalgo County Sheriff Department for approximately 7 years prior to that. I am currently a full-time salaried Sheriff's Deputy with the rank of Lieutenant. During my employment with the Artesia Police Department, the Hidalgo County Sheriff's Department and assignment with the Border Drug Task Force, I have personally participated in numerous drug-related and fraud related investigations and undercover roles and have made arrests and prosecutions of those individuals involved. I have successfully completed various drug-related advanced training courses throughout my employment. I maintain a certain expertise and actual ongoing working experience in the patterns, methods, terminology and other aspects of drug dealings and drug traffickers. I have posed as a buyer, seller, broker and smuggler of controlled substances. The advanced training has been provided by various Federal, State, and local Agencies which include the Drug Enforcement Administration, the New Mexico Law Enforcement Academy and other highly accredited law enforcement training providers. I am a certified Narcotics Canine Handler and have been for approximately 3-years. I have been certified with my Canine partner "LEO" for approximately 2-years through CNCA. (California Narcotics Canine Association) and the New Mexico Corrections Department

(NMCD).

Canine "LEO" is an approximately 3 year old male Czech German Sheppard. Canine LEO is trained and certified to detect the odors of Marijuana, Heroin, Cocaine, Methamphetamine and Ecstasy and large amounts of currency. He is certified through "NMCD" and "CNCA".

2. This affidavit is submitted in support of an order authorizing the search of TIMOTHY W. YOUNG DOB:03/10/82; SOC: 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 (residence/vehicle or subject to be searched) described above in Lordsburg (City), New Mexico.

3. Based on my experience and training as a Narcotic Agent, I know the following:

A. Narcotic traffickers often amass large amounts of profits derived from their illegal narcotics trafficking activities. Documents and other records pertaining to assets which are proceeds of the narcotics trafficking described herein would constitute evidence of the same narcotics trafficking.

B. Narcotic traffickers often maintain large amounts of U.S. Currency that are derived from illegal activities.

C. Narcotic traffickers often conceal narcotics within body cavities on or within their person.

4. The Affiant is aware that the drug and narcotic trafficking organizations often maintain records and evidence of their activity for extended periods of time. For example, documentation of such activities has been seized by the Southwestern New Mexico Task Force in joint investigations with the Drug Enforcement Administration and the U.S. Immigration and Customs Enforcement.

Based on the above, the Affiant believes that there is property that constitutes evidence of the commission of a criminal offense; contraband, the fruits of crime, or things otherwise criminally possessed and believes there is probable cause to search the subject premises.

## BODY OF AFFIDAVIT

That on October 13 2012, at approximately 2142 hrs, while on regular duty, driving a Hidalgo County Sheriff Patrol vehicle and in full uniform, Deputy Javier Peru observed a blue in color Dodge pickup truck driving west on Motel driver and that failed to use its turn signal as the vehicle turned off of Motel drive and onto Old highway 70 towards the Flying J truck stop.

Deputy Peru engaged his emergency equipment and initiated a traffic stop on the blue in color Dodge pickup truck bearing NM-LXW072 in the parking lot of the Flying J truck stop. The driver of the vehicle immediately exited the vehicle. Deputy Peru asked the driver to return to his vehicle and then made contact with the driver (Later identified as Timothy W. YOUNG),

identified himself and explained the reason for the stop. Deputy Peru explained that he stopped him for failing to use his turn signal while turning onto Old Highway 70 from Motel Drive. Mr. YOUNG acknowledged that he did not use his turn signal.

Deputy Peru observed that YOUNG was extremely nervous with his hands and legs shaking. Deputy Peru began to issue YOUNG a written warning for the violation and spoke with YOUNG about his trip. YOUNG had told him that some tires that were in the bed of truck belonged to the passenger Greg Foster. He also told Deputy Peru that he was going to drive to some friend's house and pay for a football pool. Deputy Peru went up to the vehicle to confirm the VIN number on the vehicle. While there he spoke with the passenger FOSTER. FOSTER told Deputy Peru that the tires belonged to YOUNG and not him. While talking to FOSTER, Deputy Peru could smell an odor of an alcoholic beverage. When asked about alcoholic beverages, YOUNG said he did not know of any in the vehicle. FOSTER told Deputy Peru that there was one near the center console and gave it to Deputy Peru.

Deputy Peru asked YOUNG if there were any other alcoholic beverages in the vehicle and YOUNG said "No". Deputy Peru asked YOUNG if he had anything illegal in the vehicle he said "nothing". Deputy Peru asked Mr. YOUNG if he could search YOUNGS vehicle based on the nervousness and open container of alcohol and YOUNG told him "Yes".

Deputy Peru observed that YOUNG was very "Jittery" with him moving his arms side to side and continuously licking his lips. He would pull his sleeves and continuously took his hat off and put it back on. Based on his experience, Deputy Peru believed that YOUNG was under the influence of a narcotic.

That Deputy Peru had Sgt. Arredondo contact the affiant (Lt. Patrick Green) and requested that I come to the traffic stop and deploy my K9 partner "Leo" on the vehicle. I arrived at approximately 1030hrs and deployed my K9 partner "LEO" around the vehicle for a free air sniff. That while doing so, my K9 partner "LEO" did alert to an unknown narcotic odor in the center of the driver's seat, the center console and the left opened door area of the vehicle. I explained to Deputy Peru that with my K9 partner alerting to the center of the driver's seat that is an indication that the driver of the vehicle may have narcotics inside their clothing or in a body cavity that would be near or on the seat. YOUNG continued to allow us to search his vehicle. A thorough search of the vehicle was conducted.

That while Officers searched the vehicle, I observed that YOUNG was walking strangely and also appeared to be flexing his leg muscles and his lower part of his body as if trying to maintain an object within his pants. In my experience, this action is common among narcotics users and transporters to maintain an item from falling out of their clothing or body cavity.

YOUNG gave Sgt. Arredondo permission to perform a frisk of his person to see if any narcotics were on his person. Sgt. Arredondo performed the frisk and did not locate anything. Sgt. Arredondo did a frisk without having Mr. YOUNG remove his clothing and was unable to see certain areas of his person.

I explained to YOUNG that it is common for drug couriers to conceal narcotics within their body cavities. I explained to him that my K9 partner alerted to the center of the driver's seat and that indicated to me that the person sitting in the seat has narcotics on or within their person. I asked him if he had any narcotics and each time I asked, he would look down and away, indicating to me that he was being deceptive. I asked him if he had any narcotics within his body cavities and YOUNG became very defensive and belligerent. I asked him if he would voluntarily take an X-RAY of his lower body and YOUNG again became irate and began cussing again and said "NO". I explained to him that I was going to apply for a search warrant for his person based on the K9 alert to the center seat, his nervous behavior and him showing signs of being under the influence of a narcotic. YOUNG again became very defensive and argumentative while calling my K9 partner names and cussing at Officers present.

## CONCLUSION

Based on the positive indication to the presence of narcotics odor by Canine LEO to the driver's seat of the vehicle, Timothy YOUNG'S nervous behavior and actions indicating that he may be under the influence of a narcotic, Affiant believes that there may be additional evidence of criminal activity in or on his person.

## PRESENTATION

The Affiant respectfully requests that the Court finds that probable cause exits to authorize a detailed search of the vehicle to recover any items deemed as criminal evidence.