3 The Insured shall be authorized to practice his profession under the laws of the State or States in which he practices.

4 Other insurance—The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the company's liability under this policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

5 No action shall be maintained against the Company to recover a loss covered by this policy unless brought after the amount of such loss shall have been fixed either by a final judgment against the Insured by the court of last resort after trial of the issue or by agreement between the parties with the written consent of the Company and unless brought within two years and one day after such judgment or written agreement, except that, if such period is in conflict with the statutes of the state wherein this policy is issued, it is hereby amended to conform with such statutes. Any person or his legal representative who has secured such judgment or written agreement shall thereafter be entitled to recover under the terms of this policy in the same manner and to the same extent as the Insured. Nothing contained in this policy shall give any person or organization any right to join the Company as a co-defendant in any action against the Insured to determine the Insured's liability. Bankruptcy or insolvency of the Insured shall not relieve the Company of any of its obligations hereunder.

6 The interest of the Insured under this policy shall not be assignable to any other person.

7 This policy may be cancelled by the Insured by mailing to the Company or any of its authorized representatives, written notice, stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing, postage prepaid, to the Insured at the last address on record with the Company written notice stating when, not less than 30 days thereafter such cancellation shall be effective. If the Insured cancels, earned premium shall be computed in accordance with the standard short rate tables and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustments shall be made within a reasonable period of time after cancellation, but payment of or tender of such unearned premium shall not be a condition of cancellation.

8 By acceptance of this policy the Insured agrees that this policy embodies all agreements existing between himself and the Company or any of its agents relating to this insurance.

9 The following space is intended for waivers, exceptions and endorsements. If any, they shall become part of this policy.

13   30   89   125   128   246   252   295   302   443   541   602   796   825   826
831  7500  7600

Insured's Profession: GENERAL SURGERY
The Insured:

Policy No.          747224           OKAY  HAROLD  ODOCHA  MD
The Premium  $     ~~~~~~~          1313 E 32ND ST
SURCHARGE NM       ~~~~~~~          SILVER CITY NM  88061-7251
TOTAL              ~~~~~~~

One Occurrence  $    200,000        Annual Aggregate  $    600,000

The term of this policy shall begin and end at 12:01 a.m., standard time, at the place where the Insured resides

|   | MO. | DAY | YEAR |   | MO. | DAY | YEAR |
|---|---|---|---|---|---|---|---|
| and be from | 11 | 01 | 2012 | to | 11 | 01 | 2013 |

𝕴𝖓 𝖂𝖎𝖙𝖓𝖊𝖘𝖘 𝖂𝖍𝖊𝖗𝖊𝖔𝖋, The Medical Protective Company has caused this policy to be signed by its President and its Secretary and countersigned by its duly authorized representative.


DEFENDANT'S EXHIBIT A

PRESIDENT

SECRETARY

COUNTERSIGNED
T-6-96

IN THE EVENT OF CLAIM, THREATENED OR FILED,
IMMEDIATELY NOTIFY THE MEDICAL PROTECTIVE COMPANY, FORT WAYNE, INDIANA

FOR SERVICE CALL:        GALLAGHER HEALTHCARE INSURANCE SERV  @  713-461-4000
                                                                        RN
PROFESSIONAL LIABILITY POLICY
Continuous service to the profession since 1899