## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO


**DAVID ECKERT,**

      **Plaintiff,**

**v.**                                     **NO: 1:13-CV-00727**

**THE CITY OF DEMING, DEMING POLICE**
**OFFICERS BOBBY OROSCO, ROBERT CHAVEZ,**
**and OFFICER HERNANDEZ, HILDAGO COUNTY;**
**HILDAGO COUNTY SHERIFF OFFICERS**
**DAVID ARREDONDO, ROBERT RODRIGUEZ,**
**and PATRICK GREEN; DEPUTY DISTRICT**
**ATTORNEY DANIEL DOUGHERTY,**
**GILA REGIONAL MEDICAL CENTER,**
**ROBERT WILCOX, M.D. and OKAY H. ODOCHA, M.D.**

      **Defendants.**

### REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT/DISMISSAL
### OF ALL CLAIMS AGAINST
### DEFENDANT ROBERT WILCOX, M.D.

      **COMES NOW** Defendant Robert Wilcox, M.D. ("Dr. Wilcox"), by and through

McClaugherty & Silver, P.C. (Tamara R. Safarik), and respectfully submits his Reply in Support

of Motion for Summary Judgment Dismissal of all Claims Against Defendant Robert Wilcox,

M.D., specifically Counts VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XI and XVI.

### I.   <u>INTRODUCTION</u>

      Pursuant to Plaintiff's Response Brief, Plaintiff has volunteered to dismiss his claims

against Dr. Wilcox arising from title 42, Section 1983 of the United States Code (counts VI, VII,

VIII, IX, X and XI) and does not oppose Dr. Wilcox's Motion to Dismiss as to these counts. *See*

Response Brief (Doc. 45), p. 1.  In the event the Plaintiff has not submitted an Order and/or the

Court has not entered an Order dismissing these claims prior to the Court's ruling on this

Motion, Dr. Wilcox respectfully requests that his Motion be granted as to these claims and that these claims be dismissed with prejudice.

As to the remaining state law claims, Plaintiff's primary argument in opposition to the Motion is that Dr. Wilcox is "an independent medical contractor" and, therefore, not entitled to immunity under the New Mexico Tort Claims Act ("TCA"), NMSA 1978, § 41-4-1 *et seq.* (2013) (the "TCA"). This argument is without merit. Dr. Wilcox did not have a contractual or other agreement to perform services for the Deming Police Department or any other police department. He is, therefore, not an independent contractor excluded from the definition of public employee as it applies to the facts of this case. Rather, in accordance with NMSA 1978, § 29-1-7 (1973), he was asked to aid, act on behalf of and in service of law enforcement officers, without compensation or benefit from the officers or their agency, in executing a warrant issued by a District Court Judge[1]. His service on behalf of and at the request of the officers was required because the officers were not qualified to reasonably, hygienically or safely perform the cavity search authorized by the warrant. It is under these circumstances that Dr. Wilcox falls within the definition of a public employee entitled to immunity under NMSA 1978, § 41-4-3(F)(3). Moreover, as will be shown herein, his actions did not meet the elements required to prove battery or false imprisonment. Therefore, summary judgment/dismissal of all claims asserted against Dr. Wilcox is warranted.

## II. REPLY TO PLAINTIFF'S ADDITIONAL "FACTS" AND EXHIBITS A AND B

Plaintiff does not dispute any of Dr. Wilcox's undisputed material facts for the purpose of determining whether Dr. Wilcox is a "public employee" under the TCA. Further, Plaintiff points

---

[1] The Motion and Plaintiff's Complaint incorrectly state that the warrant was issued by a Magistrate Judge. Upon careful review and upon information and belief, the warrant was issued by New Mexico State District Judge Daniel Viramontes.

to no fact that disputes that Dr. Wilcox was a "public employee" under the TCA and entitled to immunity for the majority of the state law claims asserted against Dr. Wilcox.

Plaintiff does, however, submit an affidavit by Dr. Adam Ash (Exhibit A to the Response Brief, Doc 45-1) and R. Chavez's police report (Exhibit B to the Response Brief, Doc. 45-2). While Dr. Ash's affidavit supports that Dr. Ash had a moral objection to performing a rectal exam and x-ray as requested by police officers who presented with a warrant authorizing the search, it has no bearing on whether Dr. Wilcox's decision to aid law enforcement pursuant to their request and in accordance with the search warrant issued by a District Court Judge, qualifies as a "public employee" under the circumstances. Further, the report of R. Chavez is inconsistent with the medical record, Plaintiff's Complaint and Plaintiff's own agreement to Dr. Wilcox's undisputed material facts as Dr. Wilcox did not order that Mr. Eckert be given the medications described in the report, nor is there a claim that he did so. *See* Complaint (Doc. 1), ¶ 77; Motion (Doc. 40), p. 4, ¶¶ 9-10[2]. As to whether the police officers directed the specific medical procedures to be performed, Dr. Ash's affidavit confirms that the police officers requested a rectal exam and/or x-ray. Moreover, whether the police officers directed the specific medical actions taken by Dr. Wilcox is not determinative in an independent contractor analysis involving a physician as discussed below.

### III.     ARGUMENT

**A.**     **BASED ON THE UNDISPUTED FACTS OF THIS CASE, DR. WILCOX QUALIFIES AS A PUBLIC EMPLOYEE ENTITLED TO IMMUNITY ON COUNTS XII, XIII AND XIV**

It is Plaintiff's position that Dr. Wilcox, in performing a rectal exam and obtaining an x-ray, was acting as an independent contractor for Gila Regional Medical Center and, therefore, is

---

[2] The medical record showing that the medications discussed in the report were not ordered by Dr. Wilcox is not attached hereto as an exhibit due to privacy concerns, but will be available for the Court's review at any hearing on this matter and can be provided upon request by the Court or any party.

not entitled to immunity under the TCA from Plaintiff's state law claims for professional negligence (Count XII), lack of informed consent (Count XIII) and violation of the New Mexico Unfair Practices Act, § 57-12-1 *et seq*. (Count XIV). However, Plaintiff's position that Dr. Wilcox was an independent contractor for the hospital ignores the undisputed facts of the case and misconstrues the law. The correct analysis to apply is whether Dr. Wilcox was acting as an independent contractor for the police department in assisting in the execution of the search of Mr. Eckert's person for illegal narcotics, which was to include the anal cavity, or whether he was acting in service of and/or on behalf of the police department.

There is no dispute in this case that a warrant was issued for a search of Mr. Eckert's person, including his anal cavity. Further, Plaintiffs' do not dispute Dr. Wilcox's contention in his Motion that the police officers were not qualified to reasonably, hygienically or safely perform the anal cavity search, or more specifically as was interpreted by the officers, a rectal exam and/or x-ray. *See* Exh. A to Plaintiff's Response (Doc. 45-1), Affidavit of Dr. Adam Ash, ¶¶ 5-6 (police requested a digital rectal exam and/or x-ray pursuant to the search warrant because they believed Mr. Eckert may have placed drugs in his rectum). Moreover, there is no dispute that the only medical procedure performed by Dr. Wilcox was a rectal exam and the only procedure he ordered was an x-ray (both of which were completed by 10:00 p.m.). *See* Motion (Doc. 40), p. 4, ¶¶ 7-11, undisputed by Plaintiff. Under these circumstances, the role of Dr. Wilcox in this case is virtually identical to that of the physician who performed a vaginal cavity search pursuant to a warrant in *Rodriguez v. Furtado*, 771 F. Supp. 1245 (D. Mass. 1991), a case that has been cited positively by the Tenth Circuit in *Warner v. Grand County*, 57 F. 3d 962, (10th Cir. 1995). The *Rodriguez* Court described the actions of the physician in that case, Dr. Falkoff, as follows:

In the instant case, Dr. Falkoff, though not under a contract to the state, clearly functioned as a state actor when performing the vaginal search of plaintiff. The scope and purpose of his examination were determined solely by the state's investigatory goals and his actions were justified solely by the existence of the body cavity warrant. Falkoff functioned in the event purely as an adjunct to the normal police search squad. He exercised the power of coercive search traditionally reserved exclusively to the state and did so because of the "significant encouragement" or "coercive power" represented by the search warrant.

771 F. Supp. at 1259. The *Rodriguez* Court went on to describe the role of physicians under such circumstances as follows:

The private doctor confronted with a warrant authorizing a body cavity search . . . is subject to strong official persuasion, if not a binding legal obligation, to perform the authorized search. In addition, he or she is motivated in such instances by the desire or compulsion to aid in the criminal investigatory process rather than to advance selfish concerns.

*Id.* at 1262. Dr. Wilcox, like Dr. Furtado, was acting pursuant to a search warrant presented by law enforcement, with the purpose and intent of aiding law enforcement at their request.

There is no contention or evidence that Dr. Wilcox had a contractual agreement with the Deming Police Department or any other police department to provide services or assist in the execution of warrants. Rather, Plaintiff's own allegations, set forth in his Complaint, are consistent with the fact that the police officers brought Mr. Eckert to Gila Regional Medical Center to request assistance with the execution of a search warrant, part of their investigatory function. *See* Complaint (Doc. 1), ¶¶ 52-56. The TCA defines a "public employee" as "an officer, employee or servant of a governmental entity", and includes both "law enforcement officers" and "persons acting on behalf or in service of a governmental entity in any official capacity, whether with or without compensation." NMSA 1978, § 41-4-3(2) and (3) (1953). Dr. Wilcox is not and was not acting as a law enforcement officer, but he was acting on behalf of or

in service of a governmental entity, the Deming Police Department, just as the law enforcement officers who presented the search warrant and requested assistance in its issuance.

To counter the contention that Dr. Wilcox was not an independent contractor, but was acting in service of or on behalf of the Deming Police, Plaintiff argues that, "Clearly, law enforcement officers have no power to retain, hire or empower servants for their municipalities". *See* Response, p. 10. Plaintiff ignores NMSA 1978, § 29-1-7 (1973), which states:

> In all cases when, by common law or a statute of this state, any officer is authorized to execute any process, he may call to his aid all inhabitants above the age of majority in the county in which the officer is authorized to act.

The warrant, issued by a New Mexico District Court Judge, authorized the Deming Police officers to execute the warrant. However, they were not qualified to execute the anal cavity search and requested the aid of Dr. Wilcox to do so, pursuant to § 29-1-7. Arguably, had Dr. Wilcox refused, he could have faced a fine pursuant to NMSA 1978, § 29-1-8 (1953) or been found guilty of a misdemeanor for opposing an officer attempting to execute a warrant pursuant to NMSA 1978, § 30-22-1 (1981) or for refusing to aid an officer pursuant to NMSA 1978, § 30-22-2 (1963). In providing the requested aid to the police officers to execute the warrant, Dr. Wilcox was acting on behalf of and in service of a governmental entity, i.e., law enforcement. As described in *Warner*, when describing facts it found analogous to those in *Rodriguez* and which are analogous to those here, "the state requested that a private citizen serve as its agent to carry out a task it was underqualified to perform itself." 57 F. 3d at 965. Any agreement Dr. Wilcox had with Gila Regional Medical Center is immaterial to the analysis of whether, in conducting the examination to execute the warrant and assist in the officers in their investigatory role, Dr. Wilcox was acting on behalf of law enforcement and, therefore, entitled to immunity.

Plaintiff further argues that Dr. Wilcox is an independent contractor because the police officers and the City of Deming had no control or right to control Dr. Wilcox's actions. In fact, as recognized in the above quotes from *Rodriguez* regarding analogous facts, Dr. Wilcox's examination was controlled by the law enforcement officers and the search warrant. Absent the search warrant and the request for an anal cavity search by the officers, there would have been no examination by Dr. Wilcox of Plaintiff. While the law enforcement officers may not have directed every action by Dr. Wilcox, this is not a determinative factor in analyzing whether physicians, as professionals, are employees versus independent contractors. *See Houghland v. Grant*, 1995-NMCA-005, ¶ 12, 119 N.M. 422, 891 P.2d 563; *see also Celaya v. Hall*, 2004-NMSC-005, ¶ 12, 135 N.M. 115, 85 P.3d 239 ("services, like those of the emergency room physician in *Houghland*, require special skills and a private setting; they are not amenable to detailed performance management"). It is the officer's inability to perform the search authorized in the warrant that led to their requesting the aid of Dr. Wilcox. It is shown through Exhibit A to Plaintiff's Response, the Affidavit of Dr. Adam Ash, (Doc. 45-1), that the police were specifically requesting "a digital rectal exam and/or an x-ray" to execute the anal cavity search authorized by the warrant. And it is these actions by Dr. Wilcox, pursuant to the warrant and direction of the law enforcement officers, that are the basis of Plaintiff's claims against Dr. Wilcox.

The assertion that Dr. Wilcox is an independent contractor and, thus, not entitled to immunity, lacks merit. Dr. Wilcox was clearly aiding law enforcement, at their request, in the execution of a search warrant as part of the officers investigatory function. Therefore, as a matter of law, he falls within the definitions of a public employee, as one who was acting on behalf of and in service of a governmental entity. § 41-4-3 (F) (3). As a public employee under

the TCA, Dr. Wilcox is entitled to immunity for all claims for which governmental immunity has not been waived for public employees acting within the scope of their duties. *See* 41-4-4 (A) (A public employee is immune from suit under the TCA while acting within the scope of duty). Plaintiff's state tort claims under Count XII for professional negligence, Count XIII for lack of informed consent and Count XIV for unfair trade practices are all barred as claims for which immunity has not been waived under the TCA. At all times material to Plaintiff's state tort claims, Dr. Wilcox was acting within the scope of duty in his service to the Deming police officers. Therefore, Dr. Wilcox is entitled to summary judgment in his favor dismissing Counts XII, XIII and XIV for professional negligence, lack of informed consent and unfair practices as a matter of law.

**B.    DR. WILCOX IS ENTITLED TO SUMMARY JUDGMENT AS TO COUNTS XV AND XVI**

The TCA does not expressly waive immunity under any circumstances for "public employees" who are "public employees" pursuant to § 41-4-3 (F) (3), i.e., those who were acting on behalf of and in service of a governmental entity. However, recognizing that Dr. Wilcox was acting on behalf of law enforcement and was aiding law enforcement pursuant to NMSA 1978, § 29-1-7 (1973), it is recognized that the waiver of immunity for claims of battery and false imprisonment pursuant to § 41-4-12 (1977) may apply. If the Court concludes it does not, there is no waiver of immunity under the circumstances and summary judgment should be granted.

However, even if the Court concludes that immunity is waived for the claims of battery and false imprisonment, summary judgment is still required as Plaintiff cannot meet the elements required of these claims. There is no jury instruction for the intentional tort of battery outside of the medical context because after the committee studied the matter over several months "[i]t was finally concluded that there was insufficient New Mexico law on assault and battery to guide the

committee on this subject and that too much reliance had been placed upon the law of other jurisdictions on assault and battery to include such instructions in this work." Rule 13-1624 NMRA (Committee Commentary). Battery under New Mexico's Criminal Code "is the unlawful, intentional touching or application of force to the person of another, when done in a rude, insolvent or angry manner". NMSA 1978, § 30-3-4 (1963). There is no evidence or claim that Dr. Wilcox had knowledge that the warrant pursuant to which he was acting was unlawful, nor is there evidence or a claim that he acted toward Mr. Eckert in a "rude, insolent, or angry manner".

In the Chapter pertaining to Uniform Jury Instructions for Medical Negligence, battery is tied to the concept of informed consent. *See* Rule 13-1109B. While there may be a factual issue as to whether Mr. Eckert gave willing consent to the rectal exam and x-ray, the requirement of willing consent is not appropriate under the circumstances. Dr. Wilcox was aiding law enforcement in its investigatory function rather than providing medical services, pursuant to a search warrant issued by a District Court Judge upon which Dr. Wilcox had no reason to believe he could not rely. *See Rodriguez*, 771 F. Supp. at 1263 ("[a] private physician should not . . . be required to look behind an objectively reasonable and facially valid warrant to determine if it was based on an affidavit establishing probable cause."); *see also United States v. Reza*, 315 Fed. Appx. 745, 748 (10th Cir. 2009) (discussing presumption that a search by a police officer pursuant to a warrant issued by a Magistrate Judge is reasonable and conducted in good faith). The warrant authorized the exam and provided the legal authority/consent required to preclude a claim of battery. As shown in Dr. Wilcox's Motion (Doc. 40) and herein, the examination performed by Dr. Wilcox and the x-ray ordered by Dr. Wilcox were reasonable, as a matter of law, and the alleged facts are insufficient to support a claim for battery. As such, the claim

should be dismissed.

"The tort of false imprisonment occurs when a person intentionally confines or restrains another person without consent and with knowledge that he has no lawful authority to do so." *Santillo v. N.M. Dep't of Pub. Safety,* 2007-NMCA-159, ¶ 12, 143 N.M. 84, 173 P.3d 6. As Dr. Wilcox was aiding police officers in the execution of a facially valid warrant and there is no allegation he had knowledge that it was unlawful to do so, the claim of false imprisonment fails and judgment should be granted in Dr. Wilcox's favor as a matter of law.

## IV. CONCLUSION

Based on the foregoing, Dr. Wilcox respectfully requests that all claims asserted against him in Plaintiff's Complaint to Recover Damages for Deprivation of Civil Rights and Personal Injury be dismissed and/or summary judgment be granted in his favor.

Respectfully submitted,

McCLAUGHERTY & SILVER, P.C.


By:     /s/ *Tamara R. Safarik*
        Tamara R. Safarik
        Post Office Box 8680
        Santa Fe, NM 87504-8680
        (505) 988-8804
        Attorneys for Defendant
        Robert Wilcox, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that on this **14th day of January 2014**, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to all counsel of record in this matter.  In addition, a courtesy copy will be sent to all counsel via email at the time of filing.


*/s/ Tamara R. Safarik*
Tamara R. Safarik